IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JANE DOE, I.H., and individual

CASE NO.: 8:24-cv-01678-SDM-NHA

      Plaintiff,

  v.

SALESFORCE,
BACKPAGE.COM, LLC,
CARL FERRER, Individually,
MICHAEL LACEY, Individually,
JOHN BRUNST, Individually,
SCOTT SPEAR, Individually,
GOSAI 9, LLC., d/b/a Quality Inn,
GOSAI 9, LLC., d/b/a Days Inn by Wyndham,
MGM HOTELS, LLC., d/b/a Holiday Inn & Suites,
JOHN DOE, the person, or entity that owned the
Property located at 31199 Longwood Drive, Brooksville, Florida,
BRIAN J GRIGUERE, Individually
JOSEPH A. EASTON, Individually,
JAMES W. HANCOCK, Individually,
JASON m. RAULERSON, Individually,
LUIGI BARILE, Individually,
LAWRENCE E. KEMBLE, Individually,
MATTHEW C DOYLE, Individually,
SHAWN C. HENSON, Individually,
LACHMAN KALADEEN, Individually,
WYNDHAM HOTELS AND RESORTS, INC.,
CHOICE HOTELS INTERNATIONAL, INC.
HOLIDAY HOSPITALITY FRANCHISING, LLC.

      Defendants.
_____/

**<u>DEFENDANT MGM HOTELS, LLC's MOTION TO DISMISS COUNTS VII AND VIII OF
PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

      Defendant MGM Hotels, LLC, d/b/a HOLIDAY INN & SUITES, by and through its undersigned

counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6), hereby moves (1) to dismiss Counts VII

and VIII of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted;

and/or (2) to dismiss based on the applicable statute of limitations, which bars both counts alleged by the

Plaintiff. In support of this Motion, Defendant states as follows:

**I.     INTRODUCTION AND RELIEF REQUESTED**

Defendant MGM Hotels, LLC ("MGM Hotels"), by and through its undersigned counsel, moves to dismiss Counts VII and VIII of Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff brings claims under 18 U.S.C. §§ 1591 and 1595 of the Trafficking Victims Protection Reauthorization Act (TVPRA) and for Intentional Infliction of Emotional Distress (IIED) under Florida law. However, Plaintiff's First Amended Complaint as to this Defendant fails to state a claim upon which relief can be granted for either count. First, both claims are barred by the applicable statutes of limitations. Second, Plaintiff has not alleged facts sufficient to establish that MGM Hotels "knowingly benefited" from or participated in a trafficking venture, as required by the TVPRA. Third, Plaintiff's IIED claim falls short of meeting Florida's high standard for "extreme and outrageous" conduct, as required under Florida law, and does not demonstrate any intent by MGM Hotels to cause emotional distress. Accordingly, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety as to just this Defendant, with prejudice.

## II.      SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she was a victim of sex trafficking and that MGM Hotels knowingly facilitated this trafficking by renting a hotel room to her trafficker. According to the Complaint, Plaintiff's trafficker rented a room at a hotel affiliated with Defendant on a single occasion on or around February 5, 2017, where Plaintiff was allegedly exploited. Plaintiff contends that Defendant should have known of the trafficking activities due to industry-wide awareness of human trafficking issues within hotels and asserts that Defendant's failure to detect and prevent this incident constitutes participation in a trafficking venture under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. §§ 1591 and 1595.

In addition to the TVPRA claim, Plaintiff brings a cause of action for Intentional Infliction of Emotional Distress (IIED), asserting that Defendant's failure to intervene in the trafficking incident caused her severe emotional distress. Plaintiff's Complaint does not allege that Defendant had specific knowledge of her trafficking, nor does it allege any continuous business relationship or repeated transactions between Defendant and Plaintiff's trafficker beyond this isolated incident.

Plaintiff's claims are based on generalized assertions about the hospitality industry's awareness of human trafficking risks, rather than specific facts indicating Defendant's actual knowledge of, or active participation in, the alleged trafficking venture involving Plaintiff. Plaintiff also claims that Defendant's alleged inaction constitutes "extreme and outrageous" conduct, warranting relief for emotional distress.

## III.    LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Fid. Nat'l Fin., Inc. v. Attachmate Corp.*, No. 3:15-cv-01400-HES-PDB, 2017 WL 3726687, at *1 (M.D. Fla. Mar. 1, 2017) (Schlesinger, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts are not required to accept as true a legal conclusion couched as a factual allegation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A complaint that provides labels and conclusions or a formulaic recitation of the elements of a cause of action is not adequate to survive a Rule 12(b)(6) motion to dismiss." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotations omitted). "A facially plausible claim must allege facts that are more than merely possible." *Id.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677 (internal quotations omitted). "A court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted by statements in the complaint itself. When the facts as plaintiff alleges are so contradictory that doubt is cast upon their plausibility, the court may dismiss the claim." *Jacoby v. Cable News Network, Inc.*, 537 F. Supp. 3d 1303, 1313 n.5 (M.D. Fla. 2021) (internal citations, quotations, and alterations omitted), aff'd, No. 21-12030, 2021 WL 5858569 (11th Cir. Dec. 10, 2021).

## IV.    ARGUMENTS& AUTHORITIES

### A.    Count VII: Violation of 18 U.S.C. §§ 1591 and 1595 (TVPRA)

#### 1.    The TVPRA Claim is Time-Barred by the Statute of Limitations

Plaintiff's claim under the TVPRA is barred by the statute of limitations. Although 18 U.S.C. § 1595 was amended in 2018 to allow a 10-year limitations period, claims that accrued prior to this amendment are governed by a shorter limitations period, typically four years under civil rights statutes in

Florida. The Complaint alleges the trafficking occurred on or about February 5, 2017. Therefore, Plaintiff's claim should be dismissed as time-barred.

### 2. Failure to State a Claim for TVPRA Beneficiary Liability

To assert beneficiary liability under the TVPRA, Plaintiff must allege that MGM Hotels, LLC:

(1) knowingly benefited,

(2) from participation in a venture,

(3) that violated the TVPRA as to the Plaintiff, and

(4) that MGM Hotels knew or should have known that the venture violated the TVPRA. *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).

Here, Plaintiff's Complaint is insufficient as to each of these elements:

### a. No Continuous Business Relationship or Tacit Agreement

Plaintiff's claim fails for lack of a continuous business relationship or agreement between Defendant and the trafficker. The law is clear that a single transaction or one-time room rental does not establish the type of continuous business relationship required to allege "participation" in a trafficking venture. In *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 970 (S.D. Ohio 2019), the court specified that "participation in a venture" requires allegations of an ongoing relationship that would suggest a tacit agreement with the trafficker. Similarly, *J.B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2020 WL 4901196, at *9 (N.D. Cal. Aug. 20, 2020) underscored that allegations of isolated or occasional rentals are insufficient to establish the necessary "pattern of conduct."

Here, the Complaint only alleges that Plaintiff's trafficker rented a room at a hotel affiliated with Defendant MGM Hotels on one occasion. This allegation does not rise to the level of a continuous business relationship, nor does it suggest any tacit agreement or coordinated effort involving MGM Hotels.

### b. Insufficient Allegations of Knowledge

The Complaint alleges that the Plaintiff was sex trafficked and prostituted in rooms located at the Holiday Inn on or about February 5, 2017. "In order to plead Defendants participated in a venture, Plaintiff must allege facts from which the Court could reasonably infer the hotels 'could be said to have a tacit

4

agreement' with the trafficker. Plaintiff need not show that defendants had actual knowledge of the participation in the sex-trafficking venture." *Doe v. Rickey Patel, LLC*, No. 0:20-60683-WPD-CIV, 2020 WL 6121939, at *5 (S.D. Fla. Sept. 30, 2020) (citation omitted). In other words, Plaintiff can show a "continuous business relationship" to show participation. *J.G. v. Northbrook Indus., Inc.*, 619 F. Supp. 3d 1228, 1235 (N.D. Ga. 2022); S. *Y. v. Wyndham Hotels & Resorts, Inc.*, 519 F. Supp. 3d 1069, 1081 (M.D. Fla. 2021). Here, Plaintiff is unable to show a "continuous business relationship" as renting a room one time is not sufficient to constitute as a continuous business relationship.

Additionally, In *C.S. v. Wyndham*, the complaint alleged that "Plaintiff's sex traffickers frequently rented rooms at the hotel close to each other" and that Plaintiffs' sex traffickers booked extended stays at the Days Inn Hotel for themselves and for the Plaintiff on a routine basis and on a rotating basis frequently though out the year." The Court found that the plaintiffs' allegations were sufficient to reasonably infer the defendants knew or should have known of the sex trafficking venture. *C.S. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284, 1296 (M.D. Fla. 2021). Distinguishing this case from the instant case, the complaint only alleged that Plaintiff's sex traffickers rented a hotel room on one occasion. This is not sufficient to reasonably infer this Defendant knew or should have known of the sex trafficking venture.

Further, Courts require allegations demonstrating that the defendant had specific knowledge of the trafficking venture affecting the plaintiff—not just general knowledge about trafficking in the hotel industry. In *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020), the court dismissed a similar claim, noting that liability cannot be premised on generalized awareness of trafficking in hotels. Furthermore, A.*B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 938 (D. Or. 2020) emphasized that "general knowledge of commercial sex activity occurring at hotels across the United States is insufficient" to meet the TVPRA's requirement for actual or constructive knowledge of a specific trafficking incident.

Therefore, this case should be dismissed as MGM Hotels, LLC, is not in violation of 18 USC 1591 and 1595 as Plaintiffs failed to allege that MGM Hotels, "(1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA as to [A.D.]; and (4) [Defendants] knew or should have

known that the venture violated the TVPRA as to [A.D.]." *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). The Complaint only alleged that Plaintiff's sex traffickers rented a room at Holiday Inn and Suites Ocala Conference Center on one occasion on February 5, 2017. This is not sufficient to show a "continuous business relationship" or that MGM knew or should have known of the sex trafficking venture.

### B. COUNT VIII: Intentional Infliction of Emotional Distress (IIED)

#### 1. Failure to Meet the Outrageous Conduct Requirement

Plaintiff's complaint alleges that Intentional Infliction of Emotional Distress on behalf of MGM HOTELS, LLC. In order to state a claim for intentional infliction of emotional distress under Florida law, a claim for IIED requires Plaintiff to show: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990) (*citing Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)).

Plaintiff's allegations fail to meet this high standard. Merely renting a room to a third party without knowledge of any illegal conduct, as alleged here, does not amount to "extreme and outrageous conduct." Courts have consistently held that failing to intervene or prevent misconduct does not constitute the type of outrageous behavior required for IIED. For instance, in *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 594 (S.D.N.Y. 2018), the court held that a platform's failure to remove harmful profiles did not meet the outrageousness standard. Similarly, *Taggart v. Costabile*, 14 N.Y.S.3d 388, 394 (App. Div. 2015), found no IIED claim where a landlord was aware of tenants' illegal activities but took no action to stop them.

Furthermore, the crimes committed by Plaintiff's trafficker, though abhorrent, do not automatically extend liability for IIED to MGM Hotels for failure to detect or prevent those crimes. The court in *Kiser v. HSH Nordbank* AG, 2010 WL 286647, at *1 (S.D.N.Y. Jan. 20, 2010), emphasized that simply failing to act or intervene does not rise to the level of "atrocious and utterly intolerable" conduct. Florida law, like New York, requires an affirmative and egregious act, rather than a failure to act, to sustain an IIED claim. Here, Plaintiff's allegations amount at most to a failure by MGM Hotels to detect or prevent misconduct by a third party, which is insufficient as a matter of law to support an IIED claim.

### 2. Lack of Intentional Conduct Directed At Plaintiff

The Complaint also fails to allege that MGM Hotels directed any conduct at Plaintiff with intent to cause emotional distress. For an IIED claim, "the conduct alleged must be intentionally directed at the plaintiff." *Martin v. Citibank*, N.A., 762 F.2d 212, 220 (2d Cir. 1985). Allegations of generalized failure to prevent misconduct or suspicion about certain activities are insufficient to establish that Defendant's actions were directed at Plaintiff specifically.

In *Doe v. Poly Prep Country Day Sch.*, 2022 WL 4586237, at *13 (E.D.N.Y. Sept. 29, 2022), the court found that general allegations of a defendant tolerating or covering up misconduct did not meet the intentionality requirement for IIED where the plaintiff failed to show actions were "intentionally directed at [her]." Similarly, *Benacquista v. Spratt*, 217 F. Supp. 3d 588, 606 (N.D.N.Y. 2016), rejected IIED claims where the defendant's failure to act was not directed at causing distress to the plaintiff. Here, Plaintiff has not alleged that MGM Hotels' actions were aimed at her specifically or that the alleged conduct was intended to cause her harm, further undermining her IIED claim.

### 3. Statute of Limitations Bar

Further, this count should be dismissed as it is barred under Florida's statute of limitations. Plaintiffs Intentional Infliction of Emotional Distress claim is subject to a four year statute of limitations. See Fla. Stat. § 95.11(3)(a). Under Florida law, "a statute of limitations period runs from the time the cause of action accrues. 'A cause of action accrues when the last element constituting the cause of action occurs.' Put another way, the limitations period begins to run when the action 'may be brought.'" *City of Riviera Beach v. Reed*, 987 So. 2d 168, 170 (Fla. 4th DCA 2008) (internal citations and quotations omitted); see also Fla. Stat. § 95.031(1); *Lewis v. Asplundh Tree Expert Co.*, 305 F. App'x 623, 626–27 (11th Cir. 2008); *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1518 (11th Cir. 1996).

In this case, Plaintiff alleged in the complaint that on or about February 5, 2017, was when the incident occurred. On February 5, 2017, the cause of action occurred and the statute of limitations period began to run. Therefore, this count is barred under Florida's four-year statute of limitations.

**V.      Conclusion**

Counts VII and VIII of Plaintiff's First Complaint fails to meet the standards necessary to survive a motion to dismiss under Rule 12(b)(6). First, the claims under 18 U.S.C. §§ 1591 and 1595 of the TVPRA are time-barred by the applicable statute of limitations. Moreover, Plaintiff's allegations do not plausibly allege that MGM Hotels "knowingly benefited" from, or participated in, a continuous trafficking venture as required by the TVPRA. Plaintiff's claim for Intentional Infliction of Emotional Distress (IIED) also fails as it does not allege conduct that meets the high threshold for "outrageousness" under Florida law. Merely renting a room, without knowledge or direct involvement in trafficking, does not rise to the level of extreme and outrageous conduct. Further, the IIED claim is barred by Florida's four-year statute of limitations. For these reasons, Defendant MGM Hotels respectfully requests that this Court dismiss Plaintiff's First Amended Complaint against it in its entirety, with prejudice.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on November 13, 2024, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

/s/ Raychel A. Garcia
Raychel A. Garcia, Esquire
Florida Bar No. 091096
Marshall Dennehey, P.C.
315 E Robinson Street, Suite 550
Orlando, FL 32801
Telephone: (407) 420-4380
Facsimile: : (407) 839-3008
Primary: RAGarcia@MDWCG.com,
TFBrown@MDWCG.com
Secondary: AKElliott@MDWCG.com,
MEKachadoorian@MDWCG.com
*Counsel for Defendant, MGM HOTELS,
LLC d/b/a HOLIDAY INN & SUITES*
