UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H., an individual,

    Plaintiff,

v.                                                             Case No. 8:24-cv-01678-SDM-NHA

SALESFORCE; ET AL.,

    Defendant.
_____/

## **ORDER**

Plaintiff's motion for entry of Clerk's default against Bryan Joseph Griguere (Doc. 59) is denied without prejudice. Plaintiff has not shown that Defendant Griguere was properly served.

**I.    Background**

Plaintiff Jane Doe, I.H. sues Defendant Bryan Joseph Giguere for illegally engaging in commercial sex acts with her while she was a minor, in violation of 18 U.S.C. §§ 1591, 1595, and for battery and intentional infliction of emotional distress, in violation of Florida law. Compl. (Doc. 1) at pp. 57-58.

Plaintiff alleges that she served Defendant and that he failed to timely answer or respond. Doc. 59 at ¶¶ 1-3. Specifically, her return of service indicates that, on September 21, 2024, a process server brought the summons to 1286 University Avenue, Apt. 184, San Diego, California 92103, where he

delivered it to "Nicole Blencher, Clerk who is designated by law to accept service of process on behalf of Postal Annex." Doc. 44. Plaintiff does not explain how the University Avenue apartment was selected or the Clerk's relationship to the apartment or the Defendant.

Defendant Giguere has not answered the complaint. Plaintiff now moves for entry of Clerk's default. Doc. 59.

II.   **Analysis**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(e) governs the service of process on individuals. It provides that a party may serve an individual by "delivering a copy of the summons and of the complaint to the individual personally." FED. R. CIV. P. 4(e)(2)(A). An individual may also be served by following state law in

2

which the district court is located or in which service is effected. FED. R. CIV. P. 4(e)(1).

In Florida, a party may serve an individual by "delivering a copy of [service] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper. . . ." Fla. Stat. § 48.031(1)(a).

Similarly, in California, "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. California also permits "leaving a copy of the summons and complaint during usual office hours in [the defendant's] office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail." CAL. CIV. PROC. CODE § 415.20(a).

Additionally, "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . [then] a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual

mailing address other than a United States Postal Service post office box. . . ." CAL. CIV. PROC. CODE § 415.20(a).

Here, the Court lacks sufficient information to determine whether Plaintiff's service complied with the Federal or California procedural rules.

First, the Court cannot tell where the process server delivered the documents. The process server's indication that he both successfully attempted service at the University Avenue apartment and that he served a Postal Annex Clerk leaves unclear whether the process server took the documents to a post office for mailing, or delivered them by hand to the University Avenue apartment.

Second, nothing in the record allows the Court to determine the relationship between the Defendant and the University Avenue apartment. So, it is unclear whether delivery to that address would constitute service under the Rules.

Third, it is unclear why delivery to Nicole Blencher, who is authorized to accept service on behalf of a Postal Annex, would be sufficient to effect service on Defendant.

Accordingly, Plaintiff's motion for Clerk's default (Doc. 59) is DENIED WITHOUT PREJUDICE for failure to demonstrate effective service.

DONE and ORDERED on November 14, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge