IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JANE DOE, I.H., an individual,     CASE NO.: 8:24-cv-01678-SDM-NHA

       Plaintiff,

  v.

SALESFORCE,
BACKPAGE.COM, LLC,
CARL FERRER, Individually,
MICHAEL LACEY, Individually,
JOHN BRUNST, Individually,
SCOTT SPEAR, Individually,
GOSAI 9, LLC., d/b/a Quality Inn,
GOSAI 9, LLC., d/b/a Days Inn by Wyndham,
MGM HOTELS LLC., d/b/a Holiday Inn & Suites,
JOHN DOE, the person, or entity that owned the
property located at 31199 Longwood Drive, Brooksville, Florida,
BRIAN J. GRIGUERE, Individually,
JOSEPH A. EASTON, Individually,
JAMES W. HANCOCK, Individually,
JASON M. RAULERSON, Individually,
LUIGI BARILE, Individually,
LAWRENCE E. KEMBLE, Individually,
MATTHEW C. DOYLE, Individually,
SHAWN C. HENSON, Individually
LACHMAN KALADEEN, Individually,
       Defendants.
_____/

**PLAINTIFF'S RESPONSE TO MGM HOTELS, LLC MOTION TO DISMISS**

**COUNTS VII and VIII of PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

COMES NOW the Plaintiff, JANE DOE, I.H., an individual, by and through undersigned Counsel, and for response to Defendant MGM HOTELS, LLC d/b/a Holiday Inn & Suites, Motion to Dismiss, hereby states as follows:

## I. INTRODUCTION

Following the expansion of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, cases alleging sex trafficking have become more common. The issues raised in Defendant's Motion to Dismiss have been litigated in courts around the country, including this district. The courts have held, and this court should also find that, *at this stage of the proceedings*, allegations such as those contained in Plaintiff's First Amended Complaint are sufficient to overcome a motion to dismiss.

Defendant argues that the Plaintiff's claims are barred by the statute of limitations. They also argue that the First Amended Complaint failed to state a claim under the beneficiary liability theory, fails under the participation standard, and fails to show a continuing business relationship.

An important distinction must be made at the outset of this response. MGM Hotels, LLC, is the operator and not the franchisor of the Holiday Inn & Suites where the Plaintiff was sex trafficked. This distinction is important because the standard for imputing liability on the franchisor involves additional facts to show the connection between the franchisor and the traffickers. The cases cited by the Defendant as to the beneficiary and participation elements of the claim are directed to the issue of

2

franchisor liability. The Plaintiff voluntarily dismissed the claims against the hotel franchisors, partially in recognition that discovery in this pending matter would provide evidence to support claims to be made against the franchisors. However, the allegations in the Plaintiff's First Amended Complaint against the motel operator do provide the factual basis to overcome a Motion to Dismiss. The allegations against this Defendant are based upon facts, and specific as to date and persons involved. The First Amended Complaint fulfills the pleading requirements of the Federal Rules and is a short and concise statement of facts upon which relief can be granted.

## II.     STANDARD OF REVIEW

The Plaintiff's First Amended Complaint meets the filing requirements set out in Fed. Rules Civ. P. Rule 8 (a)(2), in that it contains a short and plain statement of claim showing that the Plaintiff is entitled to relief. To survive a motion to dismiss, the complaint does not require detailed factual allegations. It must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v Iqbal, 556 U.S. 663, 678 (2009)

The standard of review applicable to this matter is set out in the Supreme Court cases of Ashcroft v Iqbal, 556 U.S. 663 (2009) and Bell Atl. Corp. v Twombly, 550 U.S. 544 (2007) and the thousands of cases that followed. The 11th Circuit expressed the standard succinctly in Nevada 5, Inc. v McGowan, 2020 WL 11564030, December

9, 2020, in stating, "In considering a motion to dismiss, the Court must generally limit itself to the four corners of the plaintiff's complaint, treat as true all of plaintiffs' allegations, and draw all inferences in plaintiff's favor", citing Del Pino-Allen v. Santelises, 240 So.3d. 89, 91(Fla. 3d DCA 2018); Kendall S. Med. Ctr., Inc. v. Consol. Ins. Nation, Inc., 219 So. 3d 185, 188 (Fla. 3d DCA 2017); Williams Island Ventures, LLC., v de la Mora, 246 So.3d 471, 475, (Fla. 3d DCA 2018); Minor v Brunetti, 43 So.3d 178, 179 (Fla. 3d DCA 2010).

In Solis v American Express National Bank, (USDC MD FLA.),2023 WL 5493858, August 18, 2023, the Middle District of Florida outlined the standard of review as expressed in Ashcroft v Iqbal and Bell Atl. Corp v Twombly. Solis found that the Eleventh Circuit "utilizes a two-pronged approach in its application of the holdings in Iqbal and Twombly". First, the court will "eliminate any allegations in the complaint that are merely legal conclusion" Am. Dental Assn., v Cigna Corp, 605 F. 3d 1283, 1290 (11th Cir. 2010). Then, "where there are well-pleaded factual allegations" the court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." quoting Iqbal at 556 U.S at 679.

In this matter, the Plaintiff has plead sufficient facts that give rise to the relief that is requested pursuant to the statutory authority provided in the Plaintiff's First Amended Complaint. The Defendant's Motion to Dismiss should be overruled.

### III. ARGUMENTS & AUTHORITIES

1. **The TVRPA claim is not time-barred by the statute of limitations.**

4

The statute that codifies the TVRPA is 18 U.S.C 1595 (c)(1), which provides a civil remedy for victims of trafficking. The Statute of Limitations is 10 years after the cause of action arose. In addition, 18 U.S.C. 1595 (c)(2) provides a 10-year statute of limitations from the time the victim reaches the age of 18, if the victim was a minor at the time of the alleged offense.

The Plaintiff was 16 years old when she was sex-trafficked at the Defendant's hotel in 2017. She was a minor, as alleged in the Complaint in Paragraphs 1, 28, 29, and 34. The Plaintiff reached the age of 18 in 2018. Accordingly, based upon a simple reading of the statute, the statute of limitations on the plaintiff's claims against this defendant does not expire until 2027. Defendant's Motion to Dismiss based on the statute of limitations should be denied.

## 2. Defendant benefitted from participating in the sex-trafficking of this minor at their hotel.

The Plaintiff has alleged that Defendant Holiday Inn (one of the "Hotel Defendants") participated in the sex trafficking of Plaintiff by renting rooms to individuals they knew or should have known were involved in the sex trafficking of Plaintiff. (Plaintiff's First Amended Complaint at paragraph 77). Plaintiff has alleged that Defendant financially benefitted from the sex trafficking by receiving room rent. (Pl. Comp. Par. 78). The Plaintiff's Amended Complaint alleges that Defendant Holiday Inn, through its agents, servants, employees and staff were aware or should

have been aware of the many badges of sex-trafficking going on at their motel. (Pl. Comp. Par. 82 and 83).

The Plaintiff has specifically identified the date that she was trafficked at the Defendant's motel. (Pl. Comp. Par. 155). Plaintiff has provided the name of the man who engaged in the sex trafficking of Plaintiff. (Pl. Comp. Par. 155). The Plaintiff has alleged that she was sex trafficked at the Defendant's motel. (Pl. Comp. Par. 155).

Plaintiff has alleged that Defendant Holiday Inn benefitted financially from the sex trafficking because they received rent for the room and other financial benefits. (Pl. Comp. Par. 156).

Such allegations, at this stage of the proceedings, are sufficient to survive a motion to dismiss. The Defendant is in possession of the room records for that day. Defendant is in possession of the names of the employees on-site on the day that Plaintiff was sex-trafficked and they can testify as to their interactions with Plaintiff, Defendant Barile, or the other men who Barile brought to the motel to engage in sex-trafficking with Plaintiff.

In the Middle District of Florida, it has been held that a sex trafficking victim sufficiently alleged that the franchisor and operators of the hotel where her trafficking took place participated in a sex trafficking venture, as required to state a Trafficking Victims Protection Reauthorization Act (TVPRA) claim under the beneficiary theory, by alleging that defendants repeatedly rented rooms to people they knew or should have known engaged in sex trafficking and that those acts or omissions facilitated the

sex trafficking venture. S. Y. v. Wyndham Hotels & Resorts, Inc., (M.D.Fla. 2021), 519 F.Supp.3d 1069. The Plaintiff makes substantially similar allegations in her Amended Complaint. (Pl. Comp. Par. 157).

Other courts have also denied defense motions to dismiss and allowed the case to proceed based upon *allegations* that the motel or hotel knowingly benefited from the trafficking where the Plaintiff alleged that the motel rented rooms to the victim's trafficker and received cash in return. "Victim of sex trafficking sufficiently alleged that hotel owner and operator knowingly benefited from the purported venture, as required to state a claim against owner and operator for beneficiary liability under the Trafficking Victims Protection Reauthorization Act (TVPRA), arising from owner and operator providing a market and beds for traffickers which purportedly contributed to her being trafficked; victim alleged that owner and operator rented two rooms to victim's trafficker and received cash from the room rental.", D.H. v. Tucker Inn Incorporated, (N.D.Ga.2023), 689 F.Supp.3d 1304.

See also, "Sex trafficking victim sufficiently alleged that operators of chain hotels where her trafficking took place knowingly benefited financially from the sex trafficking venture, as required to state a Trafficking Victims Protection Reauthorization Act (TVPRA) claim under the beneficiary theory against them, by alleging that operators rented rooms to her trafficker.", M.A. v. Wyndham Hotels & Resorts, Inc., S.D.Ohio 2019, 425 F.Supp.3d 959. The Plaintiff makes these

7

allegations in paragraphs 77, 78, 80, 81, 82, 83, 84 and 85 of the First Amended complaint.

Based upon the foregoing, Defendant's Motion to Dismiss Count VII of Plaintiff's First Amended Complaint should be denied.

### 3. Plaintiff has properly plead Count VIII of Plaintiff's First Amended Complaint for Intentional Infliction of Emotional Distress

One basis for the Defendant's motion is that the Plaintiff failed to meet the outrageous conduct requirement and failed to identify any intentional conduct by the Defendant directed at the Plaintiff.

Plaintiff alleges in her First Amended Complaint that Defendant Holiday Inn intentionally, and or recklessly allowed their rooms to be used for illegal activities including the sex-trafficking of the Plaintiff (Pl. Comp. Par. 161). Further, Plaintiff alleges that the conduct of the Defendant is outrageous, shocks the conscience, and is unacceptable in civil society. (Pl. Comp. Par. 162). As stated above in the section titled Standard of Review, at this stage in the proceedings, the Plaintiff's allegations are taken as true and must be given every favorable inference.

Defendant also moves to dismiss based upon the Statute of Limitations, citing a four-year statute of limitations. The Plaintiff responds that case law in this district has held that the statute of limitation for intentional infliction of emotional distress can be extended under the delayed discovery doctrine, and that it applies to cases involving intentional torts based on abuse. See, Sparado v City of Miramar, 855 F. Supp. 2d

8

1317, 1329 (S.D. Fla 2012), the Florida Supreme Court has held that the delayed discovery doctrine applies only to cases involving fraud, product liability, professional malpractice, medical malpractice, or *intentional torts based on abuse*. Davis v. Monahan, 832 So.2d 708, 709–10 (Fla.2002)

Alternatively, the Plaintiff refers the Court to Doe 1 v Archdiocese of Miami, Inc., 360 So 3d 778, (3rd DCA 2023) which holds that Florida Statute 95.11(7) provides that "An action founded on alleged abuse, as defined in s. 39.01, s. 415.102, or s. 984.03, or incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority,…" The court reversed the dismissal of Doe's IIED claim because the Legislature has abolished the statute of limitations for actions related to sexual battery on children under the age of 16, so long as the claim was not time barred on or before July 1, 2010. See 95.11(9); see also § 95.11(7).

In this case, the Plaintiff reached the age of majority in 2018. Applying the 7-year statute of limitations, the Plaintiff has until 2025 to bring this action.

**WHEREFORE**, Plaintiff moves the Court to overrule Defendant's Motion to Dismiss Counts VII and VIII of Plaintiff's First Amended Complaint, and for any and all other relief as is just under the premises.

Dated: 12/03/2024                    The Law Offices of Travis R. Walker, P.A.
                                     By: Travis R. Walker
                                     Travis R. Walker, Esquire
                                     Florida Bar No.36693
                                     1100 SE Federal Highway

Stuart Florida 34494
(772) 708-0952
Travis@traviswalkerlaw.com
service@traviswalkerlaw.com
Jim.oster@traviswalkerlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 3, 2024, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

The Law Offices of Travis R. Walker, P.A.
By: Travis R. Walker
Travis R. Walker, Esquire
Florida Bar No. 36693
