IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:24-cv-01678-SDM-NHA

JANE DOE, I.H., an Individual,

    Plaintiff,

v.

SALESFORCE,
BACKPAGE.COM, LLC,
CARL FERRER, Individually,
MICHAEL LACY, Individually,
JOHN BRUNST, Individually,
SCOTT SPEAR, Individually,
GOSAI 9, LLC d/b/a QUALITY INN,
GOSAI 9, LLC d/b/a DAYS INN BY WYNDHAM,
MGM HOTELS, LLC d/b/a HOLIDAY INN & SUITES,
JOHN DOE, the Person, or Entity that Owned the Property
Located at 31199 Longwood Drive, Brooksville, Florida,
BRIAN J. GRIGUERE, Individually,
JOSEPH A. EASTON, Individually,
JAMES W. HANCOCK, Individually,
JASON M. RAULERSON, Individually,
LUIGI BARILE, Individually,
LAWRENCE E. KEMBLE, Individually,
MATTHEW C. DOYLE, Individually,
SHAWN C. HENSON, Individually,
LACHMAN KALADEEN, Individually,
WYNDHAM HOTELS AND RESORTS, INC.,
CHOICE HOTELS INTERNATIONAL, INC., and
HOLIDAY HOSPITALITY FRANCHISING, LLC

    Defendants.
_____/

1

## **DEFENDANT, MGM HOTELS, LLC'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT, MGM HOTELS, LLC'S MOTION TO DISMISS COUNTS VII AND VIII OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

**COME NOW**, MGM HOTELS, LLC d/b/a HOLIDAY INN & SUITES, by and through undersigned counsel, submits this Reply in response to Plaintiff's Response and in further support of its Motion to Dismiss Counts VII and VIII of Plaintiff's First Amended Complaint.

1. Plaintiff's response fails to remedy the fatal deficiencies in her claims. Plaintiff's allegations remain insufficient to establish a plausible claim for beneficiary liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA") or to satisfy the high standard required for intentional infliction of emotional distress ("IIED") under Florida law.

2. Plaintiff's response fails to address the core deficiencies identified in Defendant's Motion to Dismiss. To establish beneficiary liability under 18 U.S.C. § 1595, Plaintiff must plausibly allege that Defendant:

    a. Knowingly benefited;

    b. From participation in a venture;

    c. That Defendant knew or should have known violated the TVPRA.

3. Plaintiff's assertion that Defendant financially benefited by renting a room to her trafficker relies on generalizations that do not meet the legal standard. Courts require allegations of a direct, causal link between the alleged trafficking

2

and the financial benefit. See *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). Plaintiff's claims of room rental income do not satisfy this requirement.

4. Plaintiff's claim of participation in a venture rests on a single, isolated transaction. Courts have consistently held that such one-time interactions do not constitute the continuous business relationship required to establish participation. See *J.B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2020 WL 4901196, at *9 (N.D. Cal. Aug. 20, 2020). Plaintiff's failure to allege a pattern of conduct or tacit agreement with the trafficker is dispositive.

5. Plaintiff's reliance on general awareness of trafficking in the hospitality industry is insufficient to demonstrate that Defendant knew or should have known of the specific trafficking incident involving Plaintiff. See *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020). The absence of allegations linking Defendant to any knowledge of Plaintiff's trafficking further undermines her claim.

6. Additionally, Plaintiff's IIED claim remains unsupported by the factual allegations in the First Amended Complaint. Plaintiff has not shown that Defendant engaged in conduct that meets the stringent standard for IIED under Florida law

7. Plaintiff's IIED claim remains unsupported by the factual allegations in the First Amended Complaint. Plaintiff has not shown that Defendant engaged in conduct that meets the stringent standard for IIED under Florida law:

  a. Plaintiff alleges that Defendant allowed its rooms to be used for illegal activities, including trafficking. However, courts have held that passive inaction or a failure to prevent misconduct does not rise to the level of "extreme and outrageous" conduct. See *Taggart v. Costabile*, 14 N.Y.S.3d 388, 394 (App. Div. 2015).

  b. Plaintiff's allegations fail to demonstrate that Defendant intentionally directed any conduct at her with the aim of causing emotional distress. Allegations of negligence or failure to act are legally insufficient. See *Benacquista v. Spratt*, 217 F. Supp. 3d 588, 606 (N.D.N.Y. 2016).

  c. Plaintiff's claim remains barred by Florida's four-year statute of limitations under Fla. Stat. § 95.11(3)(a). Plaintiff's arguments regarding the delayed discovery doctrine fail to address when she discovered her injuries or any connection to Defendant.

8. In conclusion, Plaintiff's response fails to address the deficiencies identified in Defendant's Motion to Dismiss and does not present any new facts or legal arguments to support her claims. Defendant's case law remains sound, and

4

Plaintiff's allegations, even when accepted as true, are insufficient to establish liability under the TVPRA or IIED. The Complaint relies on generalizations and conclusory statements rather than specific, actionable allegations that meet the legal standards required by the cited precedent.

9. Accordingly, Defendant MGM Hotels, LLC respectfully requests that this Court dismiss Counts VII and VIII of Plaintiff's First Amended Complaint with prejudice and grant any other relief deemed appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 13, 2024, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

> */s/ Raychel A. Garcia*
> Raychel A. Garcia, Esquire
> Florida Bar No. 091096
> Marshall Dennehey, P.C.
> 315 E Robinson Street, Suite 550
> Orlando, FL 32801
> Telephone: (407) 420-4380
> Facsimile: : (407) 839-3008
> Primary: RAGarcia@MDWCG.com,
> TFBrown@MDWCG.com
> Secondary: AKElliott@MDWCG.com,
> MECancel@MDWCG.com,
> MEKachadoorian@MDWCG.com
> *Counsel for Defendant, MGM HOTELS, LLC*
> *d/b/a HOLIDAY INN & SUITES*

5