UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:24-cv-01678-SDM-NHA

JANE DOE, I.H., an individual,

    Plaintiff,

v.

SALESFORCE,
BACKPAGE.COM, LLC,
CARL FERRER, Individually,
MICHAEL LACEY, Individually,
JOHN BRUNST, Individually,
SCOTT SPEAR, Individually,
GOSAI 9, LLC., d/b/a Quality Inn,
GOSAI 9, LLC., d/b/a Days Inn by Wyndham,
MGM HOTELS LLC., d/b/a Holiday Inn & Suites,
JOHN DOE, the person, or entity that owned the property located at 31199 Longwood Drive, Brooksville, Florida, BRIAN J. GRIGUERE, individually, JOSEPH A. EASTON, Individually,
JAMES W. HANCOCK, Individually,
JASON M. RAULERSON, Individually,
LUIGI BARILE, Individually,
LAWRENCE E. KEMBLE, Individually,
MATTHEW C. DOYLE, Individually,
SHAWN C. HENSON, Individually
LACHMAN KALADEEN, Individually,
WYNDHAM HOTELS AND RESORTS, LLC
CHOICE HOTELS INTERNATIONAL, INC.
IHG HOTELS AND RESORTS,

    Defendants,
_____/

**DEFENDANT, GOSAI 9 LLC, D/B/A QUALITY INN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND JOINDER IN CO-DEFENDANT'S MOTION TO DISMISS [D.E. 28]**

Defendant, GOSAI 9 LLC, d/b/a Quality Inn (hereinafter, "Quality Inn"), by and through undersigned counsel, hereby moves to dismiss Plaintiff's First Amended Complaint [D.E. 14], and for joinder in co-Defendant, Wyndham Hotels and Resorts, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint filed on September 23, 2024 [D.E. 28], for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Quality Inn respectfully states as follows:

**JOINDER OF CO-DEFENDANT, WYNDHAM HOTELS AND RESORTS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [D.E. 28]**

1) To aid the Court in streamlining resolution of the legal issues on dismissal of the First Amended Complaint [D.E. 14] filed by Plaintiff, Jane Doe (hereinafter, the "Plaintiff"), as to this Defendant, Quality Inn hereby moves to join in the grounds and legal arguments for dismissal under Fed. R. Civ. P. 12(b)(6) raised by co-Defendant, Wyndham Hotels and Resorts, Inc. ("WHR"), and set out in WHR's Motion to Dismiss Plaintiff's First Amended Complaint [D.E. 28].

2) In this Motion, Quality Inn specifically joins in WHR's Motion to Dismiss [D.E. 28], and the legal arguments for dismissal and expressly incorporates herein those legal arguments raised and memorandum of law in support thereof.

3) By incorporating herein WHR's legal arguments and memorandum of law, Quality Inn's Motion explains its application to the facts alleged by Plaintiff

against Quality Inn in the First Amended Complaint, which render same legally insufficient.

4) Accordingly, and in joinder in WHR's Motion to Dismiss [D.E. 28], Quality Inn asserts that Plaintiff's First Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) based on the following grounds: (I) as an impermissible shotgun pleading; (II) for failing to sufficiently state a beneficiary claim under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §1595(a) ("TVPRA"); And (III) as Plaintiff's claim for Intentional Infliction of Emotion Distress is barred by Florida's Statute of Limitation § 95.11(3).

5) Thus, for the reasons set forth in WHR's Motion to Dismiss [D.E. 28], coupled with the grounds set forth herein in the instant Motion, Plaintiff's First Amended Complaint must be dismissed for failing to state a claim against Quality Inn.

## ARGUMENT

In addition to the Legal Standards, Legal Authorities and Arguments set out in WHR's Motion to Dismiss [D.E. 28], and hereby incorporated herein, Quality Inn further sets forth the following:

Plaintiff asserts claims against more than twenty defendants, including a claim under TVPRA, 18 U.S.C. § 1595(a), based on allegations that Plaintiff's mother trafficked her at various hotels in Florida between November 2016 and May 2017.

3

As to Quality Inn, Plaintiff alleges that she was trafficked at its guest lodging facility in Chiefland, Florida on March, 3, 2017, April 7, 2017, and May 12, 2017. Based on these instances of alleged trafficking, Plaintiff asserts two claims against Quality Inn: (1) Count III purports to state a claim under Sections 1591 and 1595 of the TVPRA; and (2) Count IV purports to state a claim for intentional infliction of emotional distress. Plaintiff's First Amended Complaint fails to state either claim.

## I. The First Amended Complaint Is An Impermissible Shotgun Pleading.

Plaintiff's First Amended Complaint improperly lumps together the so-called Hotel Defendants and Branded Hotels and attributes allegations to them as a group. *See*, *e.g.*, *Joseph v. Bernstein*, 612 F. App'x 551, 553 (11th Cir. 2015) (finding that "the complaint failed to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure because it indiscriminately grouped all Defendants together without explaining the factual basis for each of the Defendants' liability."); *Brogan v. Volusia Cnty., Florida*, No. 6:17-cv-745-Orl-40KRS, 2018 U.S. Dist. LEXIS 87006, *8 (M.D. Fla. May 24, 2018) (holding that "[w]here a plaintiff brings claims against multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming.") (internal quotations omitted).

The allegations relating to the alleged sex trafficking that specifically took place at the Quality Inn appear in only two of the more than 300 paragraphs in the First Amended Complaint. *See* [D.E. 14 at ¶¶135, 317]. Otherwise, the Plaintiff relies entirely on allegations made against the so-called "Hotel Defendants" and "Branded Hotels" jointly. *See, e.g., id*., at ¶¶14, 19.  Moreover, the First Amended Complaint relies on generalizations about the hotel industry. *See e.g., id*., at ¶74 ("the Hotel Defendants and Branded Hotel Defendants had knowledge of the prevalence of sexual trafficking in the hotel industry . . ."); *id*., at ¶76 (". . . put the Hotel Defendants and Branded Hotel Defendants on notice that there is a likelihood that illegal acts involving sex-trafficking are occurring on their hotel premises"); *id*., at ¶77 ("[t]he Hotel Defendants participated in these criminal activities by renting rooms to individuals. . ."); *id*., at ¶79 ("[t]he Branded Hotel Defendants benefited financially by receiving franchise and other fees from the Hotel Defendants . . ."); *id*., at ¶81 ("[t]he Hotel Defendants and Branded Hotel Defendants knew or should have known that they have a duty to properly train . . . [and] to identify and respond to "red flags" of criminal activity such as sex-trafficking.").

Plaintiff's reliance on group allegations, particularly given the absence of any specific allegations directed to Quality Inn, deprives Quality Inn of the fair notice to which it is entitled under Fed. R. Civ. P. 8. *See e.g., J.R. v. Extended Stay America, et al.*, No. 3:23-cv-63- HES-JBT, ECF No. 58, 8 (M.D. Fla. Nov. 8, 2023)

5

(dismissing complaint as an impermissible shotgun pleading as the complaint consisted of group pleading and generalizations about the hotel industry); *Doe (G.N.C.) v. Uniquest Hosp., LLC*, No. 23-cv-7980 (PKC), 2024 U.S. Dist. LEXIS 163319 (S.D.N.Y. Sept. 11, 2024) (dismissing complaint for improper group pleading as the complaint repeatedly blurred the lines between the defendants and lumped the defendants into groups). Accordingly, this Court should dismiss the First Amended Complaint based on these grounds alone.

## II. The First Amended Complaint Fails To State A "Beneficiary" or "Participant" Theory Of Liability Under TVPRA.

Equally problematic, Plaintiff's claim under TVPRA is unsalvageable as Plaintiff fails to state a "beneficiary" or "participant" theory of liability – rendering it legally insufficient. Specifically, Section 1595(a) provides for liability against the perpetrator of the trafficking or a participant who knowingly benefits from the venture responsible for the plaintiff's trafficking. *See G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 553 (7th Cir. 2023). As stated by the Eleventh Circuit Court of Appeals, a "beneficiary" claim under the TVPRA requires well-pled allegations plausibly showing that the defendant "(1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *K.H. v. Riti, Inc.*, No. 23-11682, 2024 U.S.

App. LEXIS 3127, *2 (11th Cir. Feb. 9, 2024) (citing *Doe #1 v. Red Roof Inns, Inc.*, 21 F. 4th 714, 726 11th Cir. 2021)) ("*Red Roof*"). However, here, the First Amended Complaint clearly fails to state a claim under Section 1595(a) because, among other reasons, it lacks any factual allegations that Quality Inn participated in any "venture," "common undertaking," or "enterprise" that committed trafficking crimes against Plaintiff and also fails to plausibly allege that Quality Inn knew or should have known of any venture that trafficked Plaintiff. *See id.*[1] Thus, Plaintiff's conclusory and unsubstantiated allegations ultimately fail to plead the requisite elements of Section 1595 (a).

### i. The First Amended Complaint fails to allege that Quality Inn participated in a TVPRA "venture."

Likewise, another apparent shortcoming in the First Amended Complaint, is that there are no allegation Quality Inn participated in a TVPRA "venture." A plaintiff must plausibly allege a defendant's "participation in a venture" with one or more criminal traffickers. *See* 18 U.S.C. §1595(a). "The ordinary meaning of participate or participation is to take part in or share with others in common or in an association." *Red Roof*, 21 F.4th at 725; *In re Facebook, Inc.*, 625 S.W. 3d 80, 96 (Tex. 2021) (acknowledging that "'[p]articipation' typically entails, at a minimum,

---

[1] In addition, despite Plaintiff's conclusory reference to Section 1591 of the TVPRA, there are absolutely no allegations, let alone sufficient allegations to plausibly support Plaintiff's purported perpetrator claim under 18 U.S.C. §1591 against Quality Inn. *See generally*, [D.E. 14, at Count III].

an overt act in furtherance of the venture."). Like its ordinary usage, "venture" is defined in the TVPRA as "any group of two or more individuals associated in fact, whether or not a legal entity." *Bistline v. Parker*, 918 F. 3d 849, 873 (10th Cir. 2019) (quoting 18 U.S.C. §1591(e)(6)); *Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) (recognizing that a "venture" only exists for purposes of Section 1595(a) where "two or more individuals" are "associated in fact"). Further, a "venture" is "an undertaking or enterprise involving risk and potential profit." *Red Roof*, 21 F.4th at 724. The fact that a defendant provides "common products or services," such as the rental of a hotel room, which is then misused in connection with someone's trafficking is not enough to suggest that the defendant participated in a venture that committed trafficking crimes. *See e.g.*, *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 562 (7th Cir. 2023). The rental of a hotel room does not, by itself, create a "venture" or "common undertaking" between the hotel operator and the hotel guest. *See e.g., id*. (recognizing "participation in a venture" requires more than providing "common products or services" that happen to be used by a trafficker); *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 U.S. Dist. LEXIS 71582 (E.D.N.Y. Apr. 29, 2018) (dismissing TVPRA claim against the owner of a condominium complex, reasoning that leasing a unit to someone who committed trafficking crimes in their unit was not sufficient); *and Ray v. Spirit Airlines, Inc*., 836 F.3d 1340, 1352 (11th Cir. 2016)

(finding amended complaint was insufficient because it did not plausibly allege vendors "shared a common purpose with Spirit").

Here, Plaintiff relies on mere legal conclusion in an attempt to circumvent this pleading requirement to allege Quality Inn participated in a TVPRA "venture." Plaintiff alleges that she was trafficked at the Quality Inn located at 1125 North Young Blvd., Chiefland, Florida, on three separate days in 2017. *See* [D.E. 14 at ¶135] ("On or about March 3, 2017, April 7, 2017 and May 12, 2017, Plaintiff was sex-trafficked . . . ."). Then, during this short period of time spanning a total of three days, Plaintiff alleges that Quality Inn "participated in the sex-trafficking venture" by "allowing, promoting, or ignoring sex-trafficking on the premises of the Quality Inn." *Id.,* at ¶137. Noticeably absent, are any other factual allegations to support same – the mere statement of legal conclusions is not enough. Significantly, to plausibly allege that a defendant participated in a TVPRA venture, the plaintiff must "at least" allege "a continuous business relationship between the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." *M.A. v. Wyndham Hotels & Resorts, Inc.,* 425 F. Supp. 3d 959, 970 (S.D. Ohio 2019). However, there are no allegations anywhere in the First Amended Complaint of a continuous relationship, common undertaking, or enterprise. Equally problematic, Plaintiff does not allege that Quality Inn knew of Plaintiff's alleged trafficker, let alone that Quality Inn

9

interacted or participated in a venture with her alleged trafficker. In fact, Plaintiff has fails to incorporate any factual allegation as to any interaction between Quality Inn and Plaintiff's alleged trafficker. *See Doe (T.R.S.) v. Wyndham Hotels & Resorts, Inc. et al.*, No. 2:23-cv-01676-DAD-CSK, 2024 U.S. Dist. LEXIS 109090, *23-24 (E.D. Cal. June 20, 2024) (dismissing complaint because plaintiff failed to allege that the Wyndham Defendants could be said to have a tacit agreement with plaintiff's traffickers to allow them to traffic plaintiff).

Instead, Plaintiff's claim against Quality Inn is based solely on Quality Inn's purported failure to prevent her trafficking on three separate days over a three-month period at its hotel and does not allege any type of continuous business relationship between Quality Inn and Plaintiff's alleged trafficker. Indeed, these insufficient conclusory allegations are similar to those alleged by the plaintiff in *K.H. v. Riti, Inc.*, and which were dismissed on defendant's motion under 12(b)(6) and affirmed on appeal by the Eleventh Circuit. *See K.H. v. Riti, Inc.*, 2024 U.S. App. LEXIS 3127, *10-11 (finding that plaintiff failed to plausibly allege a beneficiary claim under TVPRA because allegations amounting to contentions that defendant financially benefitted from renting hotel rooms to plaintiff's trafficker and that defendant observed signs of sex trafficking at the hotel are insufficient to establish that defendant participated in a sex trafficking venture and observing signs of sex trafficking "is not the same as participating in it."). Plaintiff also does not allege that

while she was allegedly trafficked at the Quality Inn the staff worked directly with her trafficker, that her trafficking was reported to anyone at Quality Inn, or that Quality Inn allowed her alleged trafficker to continue renting rooms at its hotel after receiving a report of Plaintiff's alleged trafficking there.

Plaintiff primarily faults Quality Inn for failing to prevent Plaintiff's alleged trafficking (D.E. 14 at ¶74), despite conclusory unidentified staff of the hotel witnessing "red flags" of sex trafficking (*id.*, at ¶2), but not specifically of Plaintiff. These allegations are not well pled, and lack any specificity in connection with Plaintiff's alleged trafficking, such as, for example:

- whether anyone specifically saw Plaintiff or Plaintiff's alleged trafficker;
- whether any reports of her alleged trafficking were made;
- who saw the guests enter the hotel or any room; and/or
- when such activity was observed any.

*Cf. Ricchio*, 853 F.3d at 555 (denying motion to dismiss where plaintiff pled that the hotel owner "visit[ed] the rented quarters to demand further payment" and where "in plain daylight view of the front office of the motel, either of the [hotel owners] on duty there would have seen [the trafficker] grab [plaintiff], kick her, and force her back toward the rented quarters when she had tried to escape"). Clearly, nothing of this sort is alleged here.

Moreover, Plaintiff's allegations here fail because the TVPRA does not create a duty to prevent trafficking. Alleged nonfeasance—the failure to prevent trafficking—is not "participation" in a venture. *See A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1027 (D. Or. 2021); *see also Red Roof*, 21 F.4th at 727 ("[O]bserving something is not the same as participating in it."). There must be "some level of active engagement" in the trafficking. *See Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 405 (S.D.N.Y. 2023). Each of Plaintiff's allegations against Quality Inn is rooted in nonfeasance. *See e.g.*, [D.E. 14 at ¶74] (" . . . Hotel Defendants and Branded Hotel Defendants failed to prevent or endeavor to prevent the Plaintiff from being trafficked at their Hotel, all so the Defendants could profit financially.") Thus, the First Amended Complaint does not plausibly plead "participation in a venture." *See A.D. v. Marriott Int'l, Inc.*, No. 2:22-CV-645-JES-NPM, 2023 U.S. Dist. LEXIS 67834, *10-11 (M.D. Fla. Apr. 18, 2023) ("The Complaint . . . fault[s] Defendants for taking ineffective steps to curtail the traffickers. This hardly sounds like participating in a venture.").

Accordingly, this Court should find that there is no indication that Quality Inn participated in a TVPRA "venture," and therefore fails to sufficiently plead this Count.

### ii. The First Amended Complaint fails to plausibly allege that Quality Inn knew or should have known about Plaintiff's trafficking.

Should the Court find that there are sufficient allegations of a "venture" (which, there is not), any allegation by Plaintiff that Quality Inn participated in sex trafficking crimes is not adequately plead. Specifically, Plaintiff fails to adequately plead that Quality Inn "knew or should have known" the venture in which it allegedly participated committed sex trafficking crimes against her. *See Red Roof*, 21 F.4th at 723; *M.A. v. Wyndham Hotels & Resorts*, 425 F. Supp. 3d 959, 964 (S.D. Ohio 2019). The First Amended Complaint only resorts to allegations of general knowledge in the hospitality industry, but such purported knowledge does not satisfy the "knew or should have known" requirement. *See Red Roof*, 21 F.4th at 725; *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 938 (D. Or. 2020) ("*A.B. v. Hilton*") (finding that "[g]eneral knowledge of commercial sex activity occurring at hotels across the United States is insufficient.").

Critically, Plaintiff fails to satisfy the pleading requirement of establishing knowledge of Quality Inn. A defendant must have known or should have known that the specific "venture" in which it participated trafficked a particular plaintiff. *See e.g., Red Roof*, 21 F.4th at 725 (finding that "the defendant must have either actual or constructive knowledge that the venture—in which it voluntarily participated and from which it knowingly benefited— violated the TVPRA as to the plaintiff." (emphasis added)). Plaintiff, therefore, must allege that Quality Inn had either actual or constructive knowledge of a venture in violation of the TVPRA as to Plaintiff.

13

*See Lundstrom v. Choice Hotels Int'l, Inc.*, No. 21-CV-00619-PAB-SKC, 2021 U.S. Dist. LEXIS 228651, \*23 (D. Colo. Nov. 30, 2021) (finding allegations that "defendant was on notice about the prevalence of sex trafficking generally at its hotels and in the hotel industry" to be insufficient to "show that defendant should have known about what happened to plaintiff.") (internal citations omitted); *J.M. v. Choice Hotels Int'l, Inc.*, No. 2:22-CV-00672-KJM-JDP, 2022 U.S. Dist. LEXIS 190054, \*12 (E.D. Cal. Oct. 17, 2022) (finding plaintiff's allegations regarding defendants' general knowledge of sex trafficking problems in the hotel industry, or even at defendants' franchised hotels, is insufficient to demonstrate defendants should have known about plaintiff's trafficking). Accordingly, Plaintiff fails to plausibly allege that Quality Inn knew or should have known of the alleged venture to have trafficked her.

To conclude that a defendant is liable under the TVPRA only because they were generally aware that sex trafficking sometimes occurs in hotels "unjustifiably bridges the scienter gap between 'should have known' and 'might have been able to guess.'" *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020); *Doe #9 v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-CV-5016, 2021 U.S. Dist. LEXIS 64565, \*5-6 (S.D. Tex. Mar. 30, 2021) (finding that a "Plaintiff has not plausibly alleged how Defendants 'knew or should have known' that she was being trafficked at the La Quinta."); *E.S. Best W. Int'l Inc.*, 510 F. Supp. 3d 420, 428 (N.D.

14

Tex. 2021) (holding that "the [complaint] does not state how Movant Defendants knew or should have known that Plaintiff was being trafficked."); *A.B. v. Hilton*, 484 F. Supp. 3d at 938 (finding that "although Plaintiff's allegations indicate that Defendants had notice of sex trafficking generally occurring at their hotels, Plaintiff has not alleged facts which sufficiently link notice of Plaintiff A.B.'s sex trafficking to any of these Defendants.").

Moreover, alleged observations of "red flags" of trafficking are not enough to establish knowledge as to the plaintiff's trafficking. *See A.D. v. Holistic Health Healing Inc.*, No. 2:22-cv-641-JES-NPM, 2023 U.S. Dist. LEXIS 32258, *7-8 (M.D. Fla. Feb. 27, 2023) (allegations of observing well-known red flags, as well as a "'personal relationship between various hotel staff and A.D.'s trafficker' and 'direct employee encounters with A.D. and her trafficker inside the Conty's Motel Naples'" was insufficient to satisfy knowledge requirement).

Plaintiff's conclusory allegations that Quality Inn had specific knowledge of Plaintiff's alleged trafficking and "should have known" about her trafficking because of the hospitality industry's general awareness that sex activity occurs at hotels are insufficient. Plaintiff attempts to bolster her allegations, asserting with zero support and purely based "upon information and belief," that the "Hotel Defendants and Branded Hotel Defendants had knowledge of the prevalence of sexual trafficking in the hotel industry" . . . and "failed to prevent" Plaintiff's

trafficking so that the "Defendants could profit financially." [D.E. 14 at ¶74]. Plaintiff has alleged zero facts in support of this conclusory allegation.

Plaintiff further alleges vaguely that Quality Inn should have known of Plaintiff's trafficking "based on numerous well-documented indicators of sex-trafficking, that sex-trafficking or other criminal activities were occurring and would continue to occur at the subject hotel . . . ." [D.E. 14 at ¶80]. Plaintiff even goes for far to allege that Quality Inn should have known of Plaintiff's trafficking due to the various publications and training materials published by the hotel industry, anti-sex trafficking groups, and government agencies, as well as its own published policies. *See id.*, at ¶¶81, 91, 94. However, the First Amended Complaint does not suggest how any of these allegations specifically pertain to Plaintiff or Plaintiff's alleged trafficker. Likewise, any allegations that Quality Inn's hotel staff "were aware of and/or should have been aware of several warning signs" of trafficking—e.g., persons showing signs of malnourishment, poor hygiene, fatigue, sleep deprivation, and injuries; persons being constantly monitored; requests for additional housekeeping items, but denying entry; and "[o]ther red flags" are insufficient. *Id.*, at ¶82. Specifically, the First Amended Complaint offers no plausible basis to suggest that staff at the Quality Inn were or should have been on notice of the specific alleged sex trafficking of the Plaintiff at its facility – it's a mere assumption. Similarly, there are no allegations that Plaintiff exhibited any of these "signs" or "red

16

flags" during the total three-day period Plaintiff was allegedly trafficked. "Something more" is needed to make the leap to a plausible basis for such alleged knowledge; but such is not alleged.

Thus, Plaintiff's conclusory allegations are insufficient to plausibly infer that Quality Inn knew or should have known of Plaintiff's alleged sex-trafficking at its hotel. As such, Count III should be dismissed in its entirety, as Plaintiff fails to sufficiently state a cause of action.

### III. Plaintiff's Claim For Intentional Infliction Of Emotion Distress Is Time Barred.

This cause of action is time-barred, and therefore fails as a matter of law. Under Florida Law a claim for intentional infliction of emotional distress is subject to a four-year statute of limitations. Fla. Stat. §95.11(3)(n) (2024). The statute of limitations period may be tolled by the plaintiff's status as a minor until the plaintiff turns 18. *See* Fla. Stat. §95.051(1)(i) (2024) (finding that "[t]he running of the time under any statute of limitations . . . is tolled by the minority . . . of the person entitled to sue . . . the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.").

In this case, Plaintiff alleges she was born on June 20, 2000 (D.E. 14 at ¶1) and that the alleged trafficking at the Quality Inn occurred on March 3, 2017, April 7, 2017and May 12, 2017 (*id*., at ¶135), when she was sixteen years old. When Plaintiff obtained the age of majority (on June 20, 2018), the statute of limitations

17

began to run. Fla. Stat. § 95.051(1)(i); *See e.g.*, *Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002) (finding that "[t]he Florida Legislature has stated that a cause of action accrues or begins to run when the last element of the cause of action occurs."). The statute of limitations expired on June 20, 2022, but Plaintiff did not commence this action until July 17, 2024. [D.E. 1]. Accordingly, Plaintiff's tort claim under Count IV is time-barred, and therefore must be dismissed.

**WHEREFORE**, Defendant, GOSAI 9 LLC, d/b/a Quality Inn, respectfully requests that the Court grant this Motion, dismiss Count III and IV of Plaintiff's First Amended Complaint with prejudice, and for any further relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel, pursuant to Local Rule 3.01(g) of the Local Rules for the Middle District of Florida, hereby certifies that she reached out to Plaintiff via email on December 16, 2024, articulating the basis for this Motion, and to confirm whether Plaintiff opposes the relief sought herein. The Plaintiff's counsel responded that Plaintiff opposes the filing of this Motion and relief sought herein.

Dated: December 17, 2024.    Respectfully submitted,

By: */s/ Kaylin S. Grey*
Kaylin S. Grey [FBN: 75344]
Kaylin.Grey@WilsonElser.com
Loren Y. Yudovich [FBN: 123971]
Loren.Yudovich@WilsonElser.com

**Wilson Elser Moskowitz Edelman & Dicker LLP**
100 SE 2nd Street, Suite 2100
Miami, FL 33131
Ph: (305) 374-4400
Fax: (305) 579-0261

*Attorneys for GOSAI 9 LLC, d/b/a Quality Inn*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 17, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Middle District of Florida by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

By: */s/ Kaylin S. Grey*
    Kaylin S. Grey