UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-01678-SDM-NHA

JANE DOE, I.H., an individual,

Plaintiff,

v. SALESFORCE, BACKPAGE.COM, LLC, et al.,

Defendants.

_____/

# PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiff, Jane Doe, I.H., by and through her undersigned counsel, respectfully submits this omnibus response to Defendants' Motions to Dismiss ("Motions") filed by Defendants Gosai 9 LLC (d/b/a Quality Inn and Days Inn by Wyndham) and others. For the reasons stated below, the Motions should be denied.

## I. INTRODUCTION

The Motions to Dismiss lack merit and should be denied. Plaintiff's First Amended Complaint ("FAC") sets forth well-pleaded factual allegations demonstrating Defendants' participation in, and facilitation of, Plaintiff's trafficking under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and their intentional infliction of emotional distress. The FAC provides sufficient detail to apprise each defendant of the claims against them, satisfying the requirements of Rules 8 and 12(b)(6).

## II. LEGAL STANDARD

Under Rule 12(b)(6), a complaint must state a plausible claim for relief. Courts must accept the plaintiff's factual allegations as true and draw all reasonable inferences in their favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal is only appropriate if the complaint fails to present any set of facts that could entitle the plaintiff to relief.

## III. RESPONSE TO SHOTGUN PLEADING ALLEGATION

Defendants' contention that the FAC constitutes an impermissible shotgun pleading is baseless. The FAC includes specific allegations against each defendant, identifying their respective roles and participation in Plaintiff's trafficking. For example:

Quality Inn and Days Inn: Plaintiff alleges specific instances of trafficking at these properties (FAC ¶¶135, 145, 317, 327).

Branded Hotel Defendants: The FAC alleges systemic failures, including inadequate policies and training, that facilitated trafficking (FAC ¶¶74–81).

Courts have held that group allegations are permissible where, as here, they arise from the same conduct and are supported by specific factual allegations against individual defendants. See Doe v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021).

## IV. RESPONSE TO TVPRA CLAIM CHALLENGES

A. Participation in a Venture

The FAC alleges that Defendants knowingly participated in ventures that trafficked Plaintiff. Participation under TVPRA requires more than passive conduct but does not mandate direct perpetration. See Ricchio v. McLean, 853 F.3d 553, 556 (1st Cir. 2017). Defendants rented rooms to traffickers despite clear red flags—frequent short stays, cash payments, and signs of trafficking—indicating tacit agreement with trafficking activities. These facts sufficiently plead participation in a venture.

B. Knowledge Requirement

Plaintiff alleges that Defendants had actual or constructive knowledge of trafficking on their premises. Constructive knowledge arises where defendants fail to investigate or act on obvious indicators of trafficking. The FAC details these indicators, including:

Visible signs of trafficking, such as frequent male visitors and minors in distress (FAC ¶¶137, 147).

Industry-wide awareness of trafficking prevalence, which placed Defendants on notice of the need for proactive measures (FAC ¶¶74–76).

Defendants' failure to take reasonable steps to address trafficking on their properties demonstrates constructive knowledge under TVPRA.

## V. RESPONSE TO IIED CLAIM

Defendants argue that Plaintiff's IIED claim is barred by the statute of limitations. However, Plaintiff's injuries are ongoing, and the discovery rule tolls the limitations period until Plaintiff became aware of the legal basis for her claim. The FAC alleges extreme and outrageous conduct—facilitating Plaintiff's trafficking and profiting from it—that satisfies the elements of IIED.

## VI. PUBLIC POLICY AND EQUITY ARGUMENTS

Human trafficking is a grave violation of human rights. Dismissing Plaintiff's claims would undermine the TVPRA's remedial purpose of holding enablers accountable. The FAC advances the important goal of preventing future trafficking by addressing systemic failures within the hospitality industry.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motions to Dismiss in their entirety. Alternatively, Plaintiff requests leave to amend the FAC to address any deficiencies identified by the Court.

DATED: January 3, 2025

        Respectfully submitted,
        **THE LAW OFFICES OF TRAVIS R. WALKER, P.A.**
By:  /s/ Travis R. Walker
        Travis R. Walker, Esq.
        Florida Bar No. 36693
        1100 SE Federal Highway
        Stuart, Florida 34994
        Telephone: (772) 708-0952
        traviswalker@traviswalkerlaw.com
        service@traviswalkerlaw.com