UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H.,

    Plaintiff,

v.                                            CASE NO. 8:24-cv-1678-SDM-NHA

SALESFORCE, et al.,

    Defendants.
_____/

## ORDER

Alleging that she was trafficked and sexually abused as a minor child, I.H. sues twenty-one defendants, including two hotel franchisees — MGM Hotels LLC and GOSAI 9 LLC (doing business as Quality Inn and Days Inn by Windham) (collectively, the hotels). Asserting claims under the Trafficking Victims Protection Reauthorization Act (TVPRA) and Florida law, the complaint alleges that each hotel participated in the trafficking of I.H. by renting hotel rooms to I.H.'s abusers. The hotels move (Docs. 68, 92, 93) to dismiss the action against each hotel. The motions argue (1) that the TVPRA's limitation bars this action, (2) that the complaint fails to state a claim under the TVPRA, and (3) that the complaint fails to state a claim under Florida law for intentional infliction of emotional distress. The plaintiff responds (Docs. 85, 95) in opposition to each motion.

## BACKGROUND: I.H.'S ALLEGATIONS[1]

Each claim against the hotels depends on the following allegations. In 2017, I.H. lived in Brooksville, Florida, with her mother, an alcoholic and a drug addict who failed to provide I.H. with the basic necessities of life. (Doc. 14 at 2) I.H.'s mother began listing I.H. at sixteen on Backpage.com, a website known to have facilitated sex trafficking. Between January and May 2017, I.H.'s mother forced I.H. to have sex with countless adult men in exchange for money. On at least six occasions, the sexual abuse of I.H. occurred in a hotel room.

On February 5, 2017, an unnamed person trafficked I.H. to Luigi Barile at a Holiday Inn and Suits operated by MGM Hotels in Ocala, Florida. In a rented hotel room at the Holiday Inn, Barile sexually abused I.H. On March 3, April 7, and May 12, 2017, an unnamed person trafficked I.H. to Christopher Henson at a Quality Inn operated by Gosai in Chiefland, Florida. On April 7, 2017, an unnamed person trafficked I.H. to Henson at a Days Inn by Wyndham operated by Gosai in Chiefland, Florida. In a rented room at each hotel, Henson sexually abused I.H.

## DISCUSSION

MGM Hotels argues that I.H.'s claims are barred by a four-year limitation because "[a]lthough 18 U.S.C. § 1595 was amended in 2018 to allow a 10-year limitations period, claims that accrued [before] this amendment are governed by a shorter

---

[1] This order accepts as true each well-pleaded "allegation[] in the complaint" and "construe[s]" each allegation "in the light most favorable" to I.H. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016).

limitations period, typically four years under civil rights statutes in Florida." (Doc. 64 at 3–4) Under the TVPRA, 18 U.S.C. § 1595(c), a plaintiff must file an action within ten years. MGM Hotels' argument fails because a 2008 amendment to Section 1595 adds the ten-year limitation. William Wilberforce Trafficking Victims Protection Reauthorization Act Of 2008, Pub. L. No. 110–457, 122 Stat. 5044 (adding to 18 U.S.C. § 1595 "No action may be maintained under this section unless it is commenced not later than 10 years after the cause of action arose"). I.H.'s claim accrued in 2017, and I.H. filed this action in 2024. The ten-year limitation applies to I.H.'s TVPRA claims, and the limitation fails to bar this action.

Section 1595 provides a civil cause of action for victims of sex trafficking. To state a "beneficiary claim" under Section 1595(a) of the TVPRA, "a plaintiff must plausibly allege that the defendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).

The complaint alleges that the hotels "benefitted financially from the sex trafficking occurring on their premises by virtue of receiving rent for the room and other financial benefits." (Doc. 14 at 42, 44, 46) Also, the complaint states that by "allowing, promoting, or ignoring sex-trafficking on the premises" of each hotel, the hotels "participated in the sex-trafficking venture." (Doc. 14 at 43, 44, 46) The complaint

- 3 -

fails to establish sufficient facts to show that the hotels participated in a sex trafficking "venture." Innocently renting a room to a customer in the ordinary course of business is insufficient to establish liability under the TVPRA. Nothing in the complaint creates even a slight inference that the hotels had actual or constructive knowledge of the trafficking and abuse of I.H. or anyone else. *See Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017) (finding a complaint plausibly alleged a beneficiary claim against a hotel by including allegations that the hotel owners saw the victim over several days, had numerous prior dealings with the abuser, expressed a desire for an ongoing business relation with the abuser, ignored pleas for help from the victim who momentarily escaped her captor, and "when visiting the rented quarters to demand further payment, had shown indifference to [the victim's] obvious physical deterioration"). Including only conclusory allegations, the complaint fails to plausibly allege a "beneficiary claim" under the TVPRA.

Because the complaint fails to state a claim under Section 1595 for a violation of the TVPRA and because a discussion of the state law claims is premature unless the complaint establishes a basis for federal jurisdiction over the hotels, each motion (Docs. 68, 92, 93) to dismiss is **GRANTED**. The action against each hotel is **DISMISSED WITHOUT PREJUDICE**. No later than **MARCH 14, 2025**, I.H. may amend the complaint. If an amended complaint fails to establish federal jurisdiction

over the hotels, no discretionary exercise under 28 U.S.C. § 1367 of supplemental jurisdiction over the state law claims will occur.

ORDERED in Tampa, Florida, on February 28, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE