IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JANE DOE, I.H., an individual

                                               CASE NO.: 8:24-cv-01678-SDM-NHA

      Plaintiff,

  v.

SALESFORCE,
BACKPAGE.COM, LLC,
CARL FERRER, Individually,
MICHAEL LACEY, Individually,
JOHN BRUNST, Individually,
SCOTT SPEAR, Individually,
GOSAI 9, LLC., d/b/a Quality Inn,
GOSAI 9, LLC., d/b/a Days Inn by Wyndham,
MGM HOTELS, LLC., d/b/a Holiday Inn & Suites,
JOHN DOE, the person or entity that owned the
property located at 31199 Longwood Drive, Brooksville, Florida,
BRIAN J GRIGUERE, Individually
JOSEPH A. EASTON, Individually,
JAMES W. HANCOCK, Individually,
JASON M. RAULERSON, Individually,
LUIGI BARILE, Individually,
LAWRENCE E. KEMBLE, Individually,
MATTHEW C DOYLE, Individually,
SHAWN C. HENSON, Individually,
LACHMAN KALADEEN, Individually.

      Defendants.
_____/

**DEFENDANT MGM HOTELS, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1

Defendant, MGM Hotels, LLC ("MGM"), by and through undersigned counsel, respectfully submits this Reply in support of its Motion to Dismiss Plaintiff's Second Amended Complaint, and states as follows:

I. **PLAINTIFF'S OPPOSITION MISCHARACTERIZES HER ALLEGATIONS AND FAILS TO CURE THE DEFICIENT PLEADING.**

Plaintiff's Response attempts to reframe the allegations of the Second Amended Complaint by suggesting that MGM was involved in an ongoing trafficking venture from November 2016 through May 2017. See Pl.'s Resp. ¶ 2. However, both the Second Amended Complaint and paragraph 3 of Plaintiff's own Response make clear that Plaintiff only alleges a single instance of trafficking at an MGM-affiliated hotel, February 5, 2017. A one-time hotel room rental, without more, does not establish the continuous relationship or repeated conduct required to sustain a claim under 18 U.S.C. §§ 1591 and 1595.

Plaintiff further claims that MGM had "actual or constructive knowledge" of trafficking based on alleged "clear red flags," including frequent cash payments, high foot traffic, ignored complaints, and excessive housekeeping requests. See Pl.'s Resp. ¶ 4. She states that MGM staff "witnessed multiple men entering Plaintiff's room," and further alleges that they observed her apparent distress and appearance consistent with being underage, as well as the absence of luggage. But the Second Amended Complaint fails to allege any specific employee who made these

2

observations, what exactly was witnessed, when it was witnessed, or how it would have alerted MGM to sex trafficking on that single date. These vague and conclusory allegations lack factual support and do not satisfy the federal pleading standards set forth in *Twombly* and *Iqbal*. Hotels routinely experience high guest traffic and multiple room visits without any criminal conduct. Speculation based on these commonplace aspects of hotel operations cannot be transformed into "actual knowledge" of trafficking activity.

Plaintiff further attempts to establish that MGM had knowledge of her trafficking by referencing vague text messages allegedly exchanged on February 15, February 26, and March 1, 2017. However, Plaintiff fails to allege in her Second Amended Complaint that any trafficking occurred at MGM's hotel on those dates. In fact, the only date tied to MGM is February 5, 2017. Moreover, Plaintiff's Exhibit A, Application and Affidavit for Arrest Warrants, makes clear that on February 15, 2017, the alleged trafficker was to meet at an "unknown hotel in Ocala," not at MGM's property. These messages do not identify any particular hotel, and they do not link the alleged trafficking to MGM in any meaningful way. Assertions based on vague, unauthenticated third-party messages cannot substitute for the factual specificity required under federal pleading standards, and they do not support the inference that MGM had actual knowledge of or participated in a trafficking venture.

## II. PLAINTIFF FAILS TO PLEAD A TVPRA CLAIM, A SINGLE ROOM RENTAL IS NOT SUFFICIENT TO SHOW MGM "KNOWINGLY BENEFITED" FROM A VENTURE

Plaintiff argues that MGM knowingly benefited from trafficking because it profited from a single room rental. However, the TVPRA requires that the benefit be derived from knowing participation in the trafficking venture, not merely from a passive, arms-length transaction. Plaintiff does not allege any additional facts suggesting MGM received anything beyond a routine commercial payment. There is no allegation of direct communication with a trafficker, repeat business, or any form of preferential treatment. Plaintiff's theory of liability improperly conflates lawful business activity with criminal participation.

## III. PLAINTIFF'S IIED CLAIM REMAINS LEGALLY INSUFFICIENT UNDER FLORIDA LAW

Plaintiff does not meaningfully respond to the legal standard governing claims for intentional infliction of emotional distress under Florida law. Her Response repeats the same generalized allegations about alleged red flags and inaction, none of which rise to the level of "extreme and outrageous" conduct. The Complaint contains no allegation that MGM took any affirmative action directed at Plaintiff, acted intentionally to cause harm. A single room rental, without actual knowledge of trafficking, does not establish intentional or outrageous conduct as a matter of law.

## IV. PLAINTIFF'S EXCUSES FOR NONCOMPLIANCE WITH COURT ORDERS AND RULE 26 LACK MERIT

Plaintiff attempts to excuse her failure to serve Rule 26 disclosures and meet other discovery obligations by referencing a pending motion for protective order. However, at no point did the Court stay Plaintiff's obligations under the Federal Rules of Civil Procedure. Plaintiff has failed—and continues to fail—to comply with the Rule 26 disclosure deadline, failed to respond to MGM's initial discovery within the extended deadline she herself requested, and submitted inaccurate statements in a motion concerning mediation coordination. These delays and missteps are not isolated but reflect a continuing pattern of disregard for procedural rules that has prejudiced MGM and the other Defendants. Dismissal is appropriate under Rules 37(b) and 41(b)

## V. CONCLUSION

Plaintiff's opposition fails to cure the fundamental deficiencies of her Second Amended Complaint. The allegations remain speculative and insufficient under the standards governing claims under the TVPRA and Florida law. Moreover, Plaintiff's repeated failure to comply with discovery obligations and court orders provides an independent basis for dismissal. For these reasons, and those set forth in Defendant's Motion to Dismiss, MGM respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice.

*[Certificate of Service on Following Page]*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 8, 2025, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

/s/ *Raychel A. Garcia*
Raychel A. Garcia, Esquire
Florida Bar No. 091096
Marshall Dennehey, P.C.
315 E Robinson Street, Suite 550
Orlando, FL 32801
Telephone: (407) 420-4380
Facsimile: (407) 839-3008
Primary: RAGarcia@MDWCG.com
Secondary: MRWykes@MDWCG.com,
AKElliott@MDWCG.com,
EFFelton@MDWCG.com
*Counsel for Defendant, MGM HOTELS, LLC*