UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:24-cv-01678-SDM-NHA

JANE DOE, I.H., an individual,

     Plaintiff,

v.

SALESFORCE,
BACKPAGE.COM, LLC,
CARL FERRER, Individually,
MICHAEL LACEY, Individually,
JOHN BRUNST, Individually,
SCOTT SPEAR, Individually,
GOSAI 9, LLC., d/b/a Quality Inn,
GOSAI 9, LLC., d/b/a Days Inn by Wyndham,
MGM HOTELS LLC., d/b/a Holiday Inn & Suites,
JOHN DOE, the person, or entity that owned the
property located at 31199 Longwood Drive,
Brooksville, Florida, BRIAN J. GRIGUERE,
individually, JOSEPH A. EASTON, Individually,
JAMES W. HANCOCK, Individually,
JASON M. RAULERSON, Individually,
LUIGI BARILE, Individually,
LAWRENCE E. KEMBLE, Individually,
MATTHEW C. DOYLE, Individually,
SHAWN C. HENSON, Individually
LACHMAN KALADEEN, Individually,
WYNDHAM HOTELS AND RESORTS, LLC
CHOICE HOTELS INTERNATIONAL, INC.
IHG HOTELS AND RESORTS,

     Defendants,

_____/

## DEFENDANT, GOSAI 9 LLC, D/B/A DAYS INN BY WYNDHAM'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, GOSAI 9 LLC, d/b/a Days Inn by Wyndham (hereinafter, "Days Inn"), by and through undersigned counsel, hereby moves to dismiss Plaintiff's

Second Amended Complaint [D.E. 112], for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Days Inn respectfully requests that this Court to once again dismiss Plaintiff's claims against it this time with prejudice for failure to state a claim and in support thereof, respectfully states as follows:

## I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Jane Doe, identified as I.H. (hereinafter, "Plaintiff"), initiated this lawsuit on July 17, 2024, against multiple defendants, including Days Inn, asserting claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), and for Intentional Infliction of Emotional Distress ("IIED"), under Florida law. [D.E. 1]. Thereafter, on September 9, 2024, Plaintiff filed her First Amended Complaint. [D.E. 14].

On December 17, 2024, Days Inn moved to dismiss Plaintiff's First Amended Complaint, arguing that Plaintiff's allegations failed to state a claim against it under Fed. R. Civ. P. 12(b)(6). [D.E. 92]. Specifically, Days Inn argued that: (1) Plaintiff failed to allege any facts sufficient to state a claim for relief under the TVPRA against Days Inn.  Asserting that Plaintiff failed to allege any facts showing that Days Inn knowingly benefited from or participated in a trafficking venture, as required under the TVPRA, and thus, failed to state a claim against Days Inn. (2) Plaintiff's First Amended Complaint was an impermissible shotgun pleading

lumping together general allegations, not specific to a single defendant, let alone Days Inn, but still attributing allegations to all defendants as a group. (3) Plaintiff's claim for Intentional Infliction of Emotional Distress under Florida law was barred by Florida's four-year Statute of Limitations under Fla. Stat. §95.11(3)(n) (2011).

This Court agreed, and on February 28, 2025, the Court granted Days Inn's Motion to Dismiss Plaintiff's First Amended Complaint without prejudice. [D.E. 105]. The Court explicitly held that Plaintiff's allegations failed to plausibly establish a "beneficiary" claim under the TVPRA because merely renting a hotel room in the ordinary course of business does not constitute participation in a trafficking "venture." *Id*. The Court further ruled that the First Amended Complaint failed to allege any actual or constructive knowledge by Days Inn of the alleged trafficking. *See id*.

On March 14, 2024, Plaintiff filed her Second Amended Complaint in this action, but factually and legally, nothing has changed. [D.E. 112]. Plaintiff has simply moved around her prior deficient general allegations, still failing to allege any facts supporting her claims against Days Inn. *Compare with* [D.E. 14]. Accordingly, because Plaintiff cannot meaningfully amend her claims or provide any new factual basis for liability against Days Inn, the same grounds for dismissal remain, and the Second Amended Complaint should be dismissed in its entirety, with prejudice.

## II.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff asserts claims against numerous defendants, including a claim under the TVPRA based on allegations that Plaintiff's mother trafficked her at various hotels in Florida between November 2016 and May 2017.  As to Days Inn, Plaintiff alleges that she was trafficked at its guest lodging facility in Chiefland, Florida on April 7, 2017. *See* [D.E. 112, at ¶134].  Based on this single instance of alleged trafficking, Plaintiff asserts two claims against Days Inn: (1) Count V purports to state a claim under Sections 1591 and 1595 of the TVPRA; and (2) Count VI purports to state a claim for intentional infliction of emotional distress. [D.E. 112]. Plaintiff's Second Amended Complaint fails to state either claim.

Even after amending her claims once again, the Second Amended Complaint still fails to state a plausible and cognizable claim under Counts V and VI against Days Inn. Indeed, in an effort to remedy the deficiencies in her pleadings, now Plaintiff simply concludes that Days Inn had knowledge of her trafficking. But such conclusory statements fail to plausibly establish or show actual or constructive knowledge of any unlawful activity sufficient to support her claim.  Nor do these conclusions change Plaintiff's prior deficiencies. Plaintiff fails to allege any basis to suggest that on one-day, April 7, 2017, Days Inn knew of, interacted with, or had any involvement whatsoever with Plaintiff or her alleged trafficker.  Rather, once again relying on impermissible generic conclusions and shotgun pleading, the crux

of the Second Amended Complaint is that trafficking occurs at hotels and the hospitality industry, including Days Inn, should have done more to prevent it. That is not the law. *See Doe #1 v. Red Roof Inns, Inc*., 21 F.4th 714, 726 (11th Cir. 2021) ("*Red Roof*").

Accordingly, and for the reasons set out herein, Days Inn respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) based on the following grounds: (I) as still an impermissible shotgun pleading; (II) for failing to sufficiently state a beneficiary claim under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §1595(a) ("TVPRA"); And (III) as Plaintiff's claim for Intentional Infliction of Emotion Distress is barred by Florida's Statute of Limitation § 95.11(3).

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012) ("A complaint that provides labels and conclusions or a formulaic recitation of the elements of a cause of action is not adequate to survive a Rule 12(b)(6) motion to dismiss.").  To withstand a motion to

dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Fid. Nat'l Fin., Inc. v. Attachmate Corp.,* No. 3:15-cv-01400-HES-PDB, 2017 WL 3726687, at \*1 (M.D. Fla. Mar. 1, 2017) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Courts are not required to accept as true a legal conclusion couched as a factual allegation. *See Twombly,* 550 U.S. at 570; *see also Mamani v. Berzaín*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth"). "A facially plausible claim must allege facts that are more than merely possible." *Chaparro,* 693 F.3d at 1337. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678. Moreover, a court need not credit allegations made on "information and belief" when deciding a motion to dismiss. *See, e.g., Mann v. Palmer,* 713 F.3d 1306, 1315 (11th Cir. 2013) (explaining that courts need not accept allegations made "upon information and belief" when deciding motions to dismiss, as they fail to meet Rule 8's plausibility standard).

## IV.    ARGUMENTS AND AUTHORITIES

### A. <u>The Second Amended Complaint Is An Impermissible Shotgun Pleading.</u>

Plaintiff's Second Amended Complaint continues to improperly lump together the so-called Hotel Defendants, and now, with allegations as to the Hotels, and attributing allegations to them as a group. *See*, *e.g.*, *Joseph v. Bernstein*, 612 F.

App'x 551, 553 (11th Cir. 2015) (finding that "the complaint failed to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure because it indiscriminately grouped all Defendants together without explaining the factual basis for each of the Defendants' liability."); *Brogan v. Volusia Cnty., Florida*, No. 6:17-cv-745-Orl-40KRS, 2018 U.S. Dist. LEXIS 87006, *8 (M.D. Fla. May 24, 2018) (holding that "[w]here a plaintiff brings claims against multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming.") (internal quotations omitted).

The allegations relating to the alleged sex trafficking that specifically took place at the Days Inn now appear in only **one** of the more than 300 paragraphs in the Second Amended Complaint. *See* [D.E. 112 at ¶134]. Otherwise, the Plaintiff relies entirely on allegations made against the so-called "Hotel Defendants," "Hotels," and individual "Defendants" jointly. *See, e.g., id*., at ¶¶10, 22, 23, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85. Without any specific allegation of fact as to Days Inn.

Moreover, the Second Amended Complaint continues to rely on generalizations about the hotel industry. *See e.g., id*., at ¶69 ("Hotels and motels in general play a significant role in sex trafficking . . . "); *id*., at ¶70 ("[t]he Hotel

Defendants . . . controlled the training, policies, and implementation of anti-
trafficking protocols, rules, and guidelines for their properties."); *id.*, at ¶72 ("the
Hotel Defendants were aware of the prevalence of sexual trafficking in the hotel
industry . . ."); *id.*, at ¶78 (". . . placed the Hotel Defendants on notice of the
likelihood that illegal sex trafficking activities were occurring on their properties");
*id.*, at ¶79 ("[t]he Hotel Defendants participated in these criminal activities by
renting rooms to individuals . . . ." "By providing rooms and amenities to these
individuals, the Hotel Defendants financially benefitted from the sex trafficking
occurring on their premises."); *id.*, at ¶81 ("Hotel Defendants had a duty to properly
train . . . [and] to identify and respond to "red flags" of sex-trafficking."); *id.*, at ¶83
("[t]he Hotel Defendants profited from room rentals, food and beverage sales, ATM
fees, and increased property values, . . . "); *id.*, at ¶84 ("Hotel Defendants harbored
Plaintiff by renting rooms to her trafficker and providing them with services . . . ."
"By doing so, [the Hotel Defendants] received a financial benefit from participating
in a venture with traffickers . . . ").

Plaintiff's reliance on general or group allegations, particularly given the
absence of any specific allegations directed to Days Inn, deprives Days Inn of the
fair notice to which it is entitled under Fed. R. Civ. P. 8. *See e.g., J.R. v. Extended
Stay America, et al.*, No. 3:23-cv-63- HES-JBT, ECF No. 58, 8 (M.D. Fla. Nov. 8,
2023) (dismissing complaint as an impermissible shotgun pleading as the complaint

consisted of group pleading and generalizations about the hotel industry); *Doe (G.N.C.) v. Uniquest Hosp., LLC*, No. 23-cv-7980 (PKC), 2024 U.S. Dist. LEXIS 163319 (S.D.N.Y. Sept. 11, 2024) (dismissing complaint for improper group pleading as the complaint repeatedly blurred the lines between the defendants and lumped the defendants into groups). Accordingly, this Court should dismiss the Second Amended Complaint based on these grounds alone.

**B. The Second Amended Complaint Fails To State A "Beneficiary" or "Participant" Theory Of Liability Under TVPRA.**

Plaintiff's claim under TVPRA is unsalvageable as Plaintiff fails to state a "beneficiary" or "participant" theory of liability – rendering it legally insufficient. This is Plaintiff's third verified pleading, and Plaintiff's second attempt to state even a plausible claim against Days Inn. Despite her personal knowledge and sworn allegations, Plaintiff cannot state a sufficient beneficiary claim against Days Inn under the TVPRA. Accordingly, Days Inn respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint against it in its entirety, with prejudice.

The TVPRA is a criminal statute which creates a civil right of action for victims of sex trafficking. 18 U.S.C. §§1591, 1595(a). Section 1595(a) of the TVPRA provides that:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of

9

value from participation in a venture which that person knew or should
have known has engaged in an act in violation of this chapter) in an
appropriate district court of the United States and may recover damages
and reasonable attorneys fees.

18 U.S.C. § 1595(a).

Specifically, Section 1595(a) provides for liability against the perpetrator of
the trafficking or a participant who knowingly benefits from the venture responsible
for the plaintiff's trafficking. *See G.G. v. Salesforce.com, Inc*., 76 F.4th 544, 553
(7th Cir. 2023). As stated by the Eleventh Circuit Court of Appeals, a "beneficiary"
claim under the TVPRA requires **well-pled** allegations plausibly showing that the
defendant "(1) knowingly benefited, (2) from taking part in a common undertaking
or enterprise involving risk and potential profit, (3) that undertaking or enterprise
violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or
actual knowledge that the undertaking or enterprise violated the TVPRA as to the
plaintiff." *K.H. v. Riti, Inc*., No. 23-11682, 2024 U.S. App. LEXIS 3127, *2 (11th
Cir. Feb. 9, 2024) (citing *Doe #1 v. Red Roof Inns, Inc*., 21 F. 4th 714, 726 11th Cir.
2021)) ("*Red Roof*").

Significantly, to assert beneficiary liability under the TVPRA, Plaintiff must
allege that Days Inn: (1) knowingly benefitted; (2) from participation in a venture;
(3) that violated the TVPRA as to the Plaintiff; and (4) that Days Inn knew or should
have known that the venture violated the TVPRA. *See id*.  Here, Plaintiff's Second
Amended Complaint is insufficient as to each of these elements. The Second

Amended Complaint still lacks any factual allegations that Days Inn participated in

any "venture," "common undertaking," or "enterprise" that committed trafficking

crimes against Plaintiff, and Plaintiff's allegations of knowledge are still insufficient

to plausibly allege Days Inn had actual or constructive knowledge of any venture

that sex trafficked this Plaintiff.[1] *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not

suffice."); *and Chaparro*, 693 F.3d at 1337 ("Factual allegations that are merely

consistent with a defendant's liability fall short of being facially plausible.").

Plaintiff's conclusory and insufficient allegations ultimately fail to plead the

requisite elements of a claim under Section 1595 (a), and therefore, Plaintiff's action

against Days Inn should be dismissed in its entirety.

### i. The Second Amended Complaint fails to allege that Days Inn participated in a TVPRA "venture."

Plaintiff's claims once again fail to show a continuous business relationship

venture, common undertaking, or agreement between Days Inn and Plaintiff's

alleged traffickers. Even the attempt to copy-and-paste what were general

allegations of trafficking, but now, are all of a sudden pertaining to her, still fails to

allege any facts specific to Days Inn to plausibly state their purported participation

---

[1] In addition, despite Plaintiff's conclusory reference to Section 1591 of the TVPRA, there are
absolutely no allegations, let alone sufficient allegations to plausibly support Plaintiff's purported
perpetrator claim under 18 U.S.C. §1591 against Days Inn. *See generally*, [D.E. 112, at Count V].

in a sex-trafficking "venture" for profit. Significantly, in a verified pleading, with purported facts allegedly sworn to by Plaintiff, Plaintiff could not make a single specific allegation of fact as to Days Inn's purported "participation". Regurgitating general allegations taken from other TVPRA cases and asserting them as conclusions against the "Hotels" here, does not make Plaintiff's beneficiary claim any more plausible or sufficient here. The Second Amended Complaint should therefore be dismissed in its entirety as to Days Inn.

A plaintiff must plausibly allege a defendant's "participation in a venture" with one or more criminal traffickers. *See* 18 U.S.C. §1595(a). "The ordinary meaning of participate or participation is to take part in or share with others in common or in an association." *Red Roof*, 21 F.4th at 725; *In re Facebook, Inc.*, 625 S.W. 3d 80, 96 (Tex. 2021) (acknowledging that "'[p]articipation' typically entails, at a minimum, an overt act in furtherance of the venture."). Like its ordinary usage, "venture" is defined in the TVPRA as "any group of two or more individuals associated in fact, whether or not a legal entity." *Bistline v. Parker*, 918 F. 3d 849, 873 (10th Cir. 2019) (quoting 18 U.S.C. §1591(e)(6)); *Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) (recognizing that a "venture" only exists for purposes of Section 1595(a) where "two or more individuals" are "associated in fact"). Further, a "venture" is "an undertaking or enterprise involving risk and potential profit." *Red Roof*, 21 F.4th at 724.

The fact that a defendant provides "common products or services," such as the rental of a hotel room, which is then misused in connection with someone's trafficking is not enough to suggest that the defendant participated in a venture that committed trafficking crimes. *See e.g.*, *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 562 (7th Cir. 2023). The rental of a hotel room does not, by itself, create a "venture" or "common undertaking" between the hotel operator and the hotel guest. *See e.g., id.* (recognizing "participation in a venture" requires more than providing "common products or services" that happen to be used by a trafficker); *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 U.S. Dist. LEXIS 71582 (E.D.N.Y. Apr. 29, 2018) (dismissing TVPRA claim against the owner of a condominium complex, reasoning that leasing a unit to someone who committed trafficking crimes in their unit was not sufficient); *and Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1352 (11th Cir. 2016) (finding amended complaint was insufficient because it did not plausibly allege vendors "shared a common purpose with Spirit"). Allegations of isolated or occasional rentals are insufficient to establish the necessary "pattern of conduct." *J.B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2020 WL 4901196, at *9 (N.D. Cal. Aug. 20, 2020).

Once again here, Plaintiff relies on mere legal conclusions in an attempt to circumvent this pleading requirement to allege Days Inn participated in a TVPRA "venture." Indeed, what Plaintiff did in its amended pleading was take the general

allegations already made in its prior pleading, and moving them into the allegations
for the Count V. However, Plaintiff's copy-paste of the legal conclusions from one
section to another does not render the Second Amended Complaint any more
plausible, sufficiently alleged or anything more than what was originally plead by
Plaintiff in this case. Accordingly, the Second Amended Compliant must be
dismissed.

Plaintiff alleges that she was trafficked at the Days Inn located at 809 NW 21st
Avenue, Chiefland, Florida, on one day in 2017. *See* [D.E. 112 at ¶134] ("On or
about April 7, 2017, Plaintiff, a minor at the time, was sex-trafficked . . . ."). Then,
on this one day, Plaintiff alleges that Days Inn "actively participated in a sex-
trafficking venture" by failing "to take reasonable steps to prevent sex trafficking,"
"for ignoring obvious signs of trafficking and continuing a financial relationship with
the trafficker" and by "knowingly renting rooms to sex traffickers and financially
benefitting from the exploitation of Plaintiff". *Id.,* at ¶¶139, 140. Now Plaintiff's
story is that Defendant participated in this one-day venture by generic conclusions
of purported "red flags" and "clear indicators" of sex trafficking, for which there are
no underlying factual allegations to support. *See Red Roof,* 21 F. 4th at 726-727
("observing something is not the same as participating in it."). Once again,
Plaintiff's allegations fail to plausibly allege a claim under TVPRA.

Still noticeably absent, are any other factual allegations to support these claims – the mere statement of legal conclusions is not enough. Significantly, to plausibly allege that a defendant participated in a TVPRA venture, the plaintiff must "at least" allege "a continuous business relationship between the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." *M.A. v. Wyndham Hotels & Resorts, Inc.,* 425 F. Supp. 3d 959, 970 (S.D. Ohio 2019). But here there are no allegations anywhere in the Second Amended Complaint of a continuous relationship, common undertaking, or enterprise. Nor can a single instance support a purported a continuous business venture to sex traffic the Plaintiff. Equally problematic, Plaintiff does not allege that Days Inn knew of Plaintiff's alleged trafficker(s), let alone that Days Inn interacted or participated in a venture with her alleged trafficker(s). In fact, Plaintiff failed to incorporate any factual allegation as to any interaction between Days Inn and Plaintiff's alleged trafficker. *See Doe (T.R.S.) v. Wyndham Hotels & Resorts, Inc. et al.*, No. 2:23-cv-01676-DAD-CSK, 2024 U.S. Dist. LEXIS 109090, *23-24 (E.D. Cal. June 20, 2024) (dismissing complaint because plaintiff failed to allege that the Wyndham Defendants could be said to have a tacit agreement with plaintiff's traffickers to allow them to traffic plaintiff).

Instead, Plaintiff's claim against Days Inn is based solely on Days Inn's purported failure to prevent her trafficking on one day in April of 2017 at its hotel and does not allege any type of continuous business relationship between Days Inn and Plaintiff's alleged trafficker. Indeed, these insufficient conclusory allegations are similar to those alleged by the plaintiff in *K.H. v. Riti, Inc.*, and which were dismissed on defendant's motion under 12(b)(6) and affirmed on appeal by the Eleventh Circuit. *See K.H. v. Riti, Inc.*, 2024 U.S. App. LEXIS 3127, *10-11 (finding that plaintiff failed to plausibly allege a beneficiary claim under TVPRA because allegations amounting to contentions that defendant financially benefitted from renting hotel rooms to plaintiff's trafficker and that defendant observed signs of sex trafficking at the hotel are insufficient to establish that defendant participated in a sex trafficking venture and observing signs of sex trafficking "is not the same as participating in it."). There are no factual allegations of the hotel's staff working directly with her trafficker, or that Days Inn allowed her alleged trafficker to continue renting rooms at its hotel. Plaintiff cannot plausibly make such an allegation from a single instance. *See* [D.E. 112, at ¶134].

Plaintiff primarily faults Days Inn for failing to prevent Plaintiff's alleged trafficking (D.E. 112 at ¶¶136, 139, 141), on a single day. *See id.*, at ¶134. Plaintiff attempts to "restructure" her general allegations into her allegations against Days Inn under Count V – only slightly changes the form but not the substance of the same

general allegations Plaintiff originally plead that are insufficient.  In fact, there is still not even a single factual allegation plead by the Plaintiff that specifies any connection she purported had with anyone at the Days Inn Facility the single day she was allegedly trafficked there.

Even though Plaintiff verifies her allegations under oath. *See* [D.E. 1]. These allegations are not well pled, and lack any specificity in connection with Plaintiff's traffickers or Plaintiff's alleged trafficking, such as, for example: that anyone saw Plaintiff or Plaintiff's alleged trafficker; that any reports of her alleged trafficking were made; that anyone saw guests enter the hotel or any room or what they saw; and/or when such activity was observed. *Cf. Ricchio*, 853 F.3d at 555 (denying motion to dismiss where plaintiff pled that the hotel owner "visit[ed] the rented quarters to demand further payment" and where "in plain daylight view of the front office of the motel, either of the [hotel owners] on duty there would have seen [the trafficker] grab [plaintiff], kick her, and force her back toward the rented quarters when she had tried to escape"). Clearly, nothing of this sort is alleged here.

Thus, without more, Plaintiff's allegations here fail.  The TVPRA does not create a duty to prevent trafficking, and alleged nonfeasance—the failure to prevent trafficking—is not "participation" in a venture. *See A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1027 (D. Or. 2021); *see also Red Roof*, 21 F.4th at 727 ("[O]bserving something is not the same as participating in it."). There must

be "some level of active engagement" in the trafficking. *See Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 405 (S.D.N.Y. 2023). Each of Plaintiff's allegations against Days Inn is rooted in nonfeasance. *See e.g*., [D.E. 112 at ¶¶136, 139, 141]. Thus, the Second Amended Complaint does not plausibly plead "participation in a venture." *See A.D. v. Marriott Int'l, Inc.*, No. 2:22-CV-645-JES-NPM, 2023 U.S. Dist. LEXIS 67834, *10-11 (M.D. Fla. Apr. 18, 2023) ("The Complaint . . . fault[s] Defendants for taking ineffective steps to curtail the traffickers. This hardly sounds like participating in a venture.").

Accordingly, this Court should find that there is no indication that Days Inn "participated" in a TVPRA "venture," and therefore Plaintiff fails once again to sufficiently plead this claim under Count V.

### ii. The Second Amended Complaint fails to plausibly allege Days Inn's actual or constructive knowledge of Plaintiff's trafficking.

Should the Court find that there are sufficient allegations of a "venture" (which, there is not), any allegation by Plaintiff that Days Inn participated in sex trafficking crimes is still not adequately plead. Specifically, Plaintiff fails to adequately plead Days Inn's knowledge of the venture in which it allegedly participated committed sex trafficking crimes against her. *See Red Roof*, 21 F.4th at 723; *M.A.*, 425 F. Supp. 3d at 964.

Plaintiff simply alleges in conclusory form the purported "buzzwords" for the knowledge element of this claim. That Days Inn "knew or should have known," or

that Days Inn had "actual or constructive knowledge of," without any allegation of
fact as to Days Inn or Plaintiff's alleged trafficking there. This is not enough. *See
Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice."). Although at first
appearing to add allegations attempting to suggest Days Inn had knowledge of the
trafficking, these generic conclusions couched as "additional allegations" are the
same ones originally alleged by Plaintiff in her prior pleading, which failed. But this
time copied and pasted verbatim under Count V against Days Inn. Consequently,
there are no underlying factual allegations by Plaintiff that she purportedly exhibited
any of these "obvious signs" or "red flags," on the single day she was allegedly
trafficked at Days Inn. In fact, Plaintiff could not even make a single more specific
allegation in support of her claim against Days Inn that she did with respect to her
amended claim against Defendant, MGM.  "Something more" is required to make
the leap to a plausible basis for such alleged knowledge; but such is not alleged as
to Days Inn here.

 This attempt fails to cure the deficiencies identified in the Court's Order of
dismissal. [D.E. 105]. And the case cited by the Court and the allegations made
therein is instructive here, *See* [D.E. 105, at pg. 4] (citing *Ricchio v. McLean*, 853 F.
3d 553, 555 (1st Cir. 2017) (allegations that the hotel owners saw the victim over
several days, had numerous prior dealings with the abuser, expressed a desire for an

ongoing business relation with the abuser, ignored pleas for help from the victim who momentarily escaped her captor, and "when visiting the rented quarters to demand further payment, had shown indifference to [the victim's] obvious physical deterioration" plausibly alleged a beneficiary claim against the hotel-defendant)). This is clearly not the case here. There is still nothing in the Second Amended Complaint that creates "even a slight inference that [Days Inn] had actual or constructive knowledge of the trafficking and abuse of Plaintiff or anyone else." *Id*., at pg. 4.

Indeed, the crux of Plaintiff's allegations of "knowledge," have really not changed. Plaintiff still resorts to generic conclusions of alleged observations of "red flags" of trafficking that are not enough to establish knowledge as to her trafficking. *See A.D. v. Holistic Health Healing Inc.*, No. 2:22-cv-641-JES-NPM, 2023 U.S. Dist. LEXIS 32258, *7-8 (M.D. Fla. Feb. 27, 2023) (allegations of observing well-known red flags, as well as a "'personal relationship between various hotel staff and A.D.'s trafficker' and 'direct employee encounters with A.D. and her trafficker inside the Conty's Motel Naples'" was insufficient to satisfy knowledge requirement).

Moreover, Plaintiff still resorts to allegations of general knowledge in the hospitality and hotel industry, which is not enough to satisfy this requirement. *See Red Roof*, 21 F.4th at 725; *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d

921, 938 (D. Or. 2020) ("*A.B. v. Hilton*") (finding that "[g]eneral knowledge of commercial sex activity occurring at hotels across the United States is insufficient."); *See Lundstrom v. Choice Hotels Int'l, Inc.*, No. 21-CV-00619-PAB-SKC, 2021 U.S. Dist. LEXIS 228651, *23 (D. Colo. Nov. 30, 2021) (finding allegations that "defendant was on notice about the prevalence of sex trafficking generally at its hotels and in the hotel industry" to be insufficient to "show that defendant should have known about what happened to plaintiff.") (internal citations omitted); *J.M. v. Choice Hotels Int'l, Inc*., No. 2:22-CV-00672-KJM-JDP, 2022 U.S. Dist. LEXIS 190054, *12 (E.D. Cal. Oct. 17, 2022) (finding plaintiff's allegations regarding defendants' general knowledge of sex trafficking problems in the hotel industry, or even at defendants' franchised hotels, is insufficient to demonstrate defendants should have known about plaintiff's trafficking).

A defendant must have known or should have known that the specific "venture" in which it participated, trafficked a particular plaintiff and allegations of fact to support it. *See e.g., Red Roof*, 21 F.4th at 725 (finding that "the defendant must have either actual or constructive knowledge that the venture—in which it voluntarily participated and from which it knowingly benefited— violated the TVPRA as to the plaintiff." (emphasis added)); *Doe #9 v. Wyndham Hotels & Resorts, Inc*., No. 4:19-CV-5016, 2021 U.S. Dist. LEXIS 64565, *5-6 (S.D. Tex. Mar. 30, 2021) (finding that a "Plaintiff has not plausibly alleged how Defendants

21

'knew or should have known' that she was being trafficked at the La Quinta."); *E.S.
Best W. Int'l Inc.*, 510 F. Supp. 3d 420, 428 (N.D. Tex. 2021) (holding that "the
[complaint] does not state how Movant Defendants knew or should have known that
Plaintiff was being trafficked."); *A.B. v. Hilton*, 484 F. Supp. 3d at 938 (finding that
"although Plaintiff's allegations indicate that Defendants had notice of sex
trafficking generally occurring at their hotels, Plaintiff has not alleged facts which
sufficiently link notice of Plaintiff A.B.'s sex trafficking to any of these
Defendants."). Courts require allegations demonstrating that the defendant had
specific knowledge of the trafficking venture affecting the plaintiff—not just general
knowledge about trafficking in the hotel industry. In *S.J. v. Choice Hotels Int'l, Inc.*,
473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020), the court dismissed a similar claim, noting
that liability cannot be premised on generalized awareness of trafficking in hotels.
Furthermore, A.*B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 938 (D. Or.
2020) emphasized that "general knowledge of commercial sex activity occurring at
hotels across the United States is insufficient" to meet the TVPRA's requirement for
actual or constructive knowledge of a specific trafficking incident. No such allegations
are plead here against Days Inn.

Thus, Plaintiff's conclusory and generic allegations are insufficient to
plausibly infer that Days Inn had actual or constructive knowledge of Plaintiff's
alleged sex-trafficking at its hotel, let alone participated in it. Accordingly, Plaintiff

fails to plausibly allege a beneficiary claim against Days Inn under the TVPRA and

Count V must be dismissed in its entirety, and with prejudice.

**C. Plaintiff's Claim For Intentional Infliction Of Emotion Distress Is Time Barred.**

This cause of action is time-barred, and therefore fails as a matter of law.

Under Florida Law a claim for intentional infliction of emotional distress is subject

to a four-year statute of limitations. *See* Fla. Stat. §95.11(3)(n) (2024). The statute

of limitations period may be tolled by the plaintiff's status as a minor until the

plaintiff turns 18. *See* Fla. Stat. §95.051(1)(i) (2024) (finding that "[t]he running of

the time under any statute of limitations . . .  is tolled by the minority . . . of the

person entitled to sue . . . the action must be begun within 7 years after the act, event,

or occurrence giving rise to the cause of action.").

In this case, Plaintiff alleges she was born on June 20, 2000 (D.E. 112 at ¶1)

and that the alleged trafficking at the Days Inn occurred on April 7, 2017 (*id*., at

¶134), when she was sixteen years old. When Plaintiff obtained the age of majority

(on June 20, 2018), the statute of limitations began to run. Fla. Stat. § 95.051(1)(i);

*See e.g.*, *Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002) (finding that "[t]he

Florida Legislature has stated that a cause of action accrues or begins to run when

the last element of the cause of action occurs."). The statute of limitations expired

on June 20, 2022, but Plaintiff did not commence this action until July 17, 2024.

[D.E. 1].  Accordingly, Plaintiff's tort claim under Count VI is time-barred, and therefore must be dismissed.

**WHEREFORE**, Defendant, GOSAI 9 LLC, d/b/a Days Inn by Wyndham, respectfully requests that the Court grant this Motion, dismiss Count V and VI of Plaintiff's Second Amended Complaint with prejudice, and for any further relief the Court deems just and proper.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Undersigned counsel, pursuant to Local Rule 3.01(g) of the Local Rules for the Middle District of Florida, hereby certifies that she reached out to Plaintiff via email on April 11, 2025, conferring on the basis for this Motion, and to confirm whether Plaintiff opposes the relief sought herein.  As of the time of filing this Motion, Plaintiff's counsel has not yet responded.

<u>Dated</u>: April 11, 2025.          Respectfully submitted,

By: */s/ Kaylin S. Grey*
　　　Kaylin S. Grey [FBN: 75344]
　　　Kaylin.Grey@WilsonElser.com
　　　Loren Y. Yudovich [FBN: 123971]
　　　Loren.Yudovich@WilsonElser.com
　　　**Wilson Elser Moskowitz Edelman &**
　　　**Dicker LLP**
　　　100 SE 2nd Street, Suite 2100
　　　Miami, FL 33131
　　　Ph: (305) 374-4400
　　　Fax: (305) 579-0261

　　　***Attorneys for GOSAI 9 LLC, d/b/a***
　　　***Days Inn by Wyndham***

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on <u>April 11, 2025</u>, I electronically filed the

foregoing with the Clerk of the Court for the United States District Court, Middle

District of Florida by using the CM/ECF system. Participants in this case who are

registered CM/ECF users will be served by the CM/ECF system.


By: <u>*/s/ Kaylin S. Grey*</u>
                Kaylin S. Grey