UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H., an individual,

    Plaintiff,

v.                                     Case No. 8:24-cv-01678-SDM-NHA

SALESFORCE; ET AL.,

    Defendant.
_____/

## ORDER TO SHOW CAUSE

Plaintiff has filed this action under the pseudonym Jane Doe and has not filed a disclosure statement upon her first appearance as required by Local Rule 3.03. Nor has she complied with the Court's order directing her to move for permission to withhold her identity. Doc. 99.

Generally, parties to a lawsuit must identify themselves in their pleadings. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Federal Rule of Civil Procedure 10(a) requires that "[t]he title of [a] complaint must . . . name all the parties." This rule "protects the public's legitimate interest in knowing all the facts involved, including the identities of the parties." *Frank*, 951 F.2d at 322.[1]

---

[1] Similarly, the Local Rules require that, "[w]ith the first appearance, each party must file a disclosure statement using the standard form from the clerk or the court's website." M.D. Fla. Local Rule 3.03. This allows the assigned

But Rule 10(a)'s openness requirements are not absolute. A district court, in its discretion, may allow a civil plaintiff to proceed anonymously if the Plaintiff demonstrates that she "has a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Id.* at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (11th Cir. 1981)).

With this rule in mind, on February 7, 2025, the Court ordered Plaintiff to file, on or before February 17, 2025, a motion seeking leave to proceed anonymously that states "a reason legally sufficient to overcome the presumption against an anonymous plaintiff." Doc. 99. The Court warned that, "absent a timely motion, this action is subject to dismissal for failure to prosecute." Doc. 99.

To date, Plaintiff has yet to file a motion requesting permission to proceed anonymously in public filings.

On March 14, 2025, Plaintiff filed her Second Motion for a Protective Order in which she asked the Court to enter an order that would govern the parties collection and use of information in discovery proceedings. Doc. 113. Within that motion, Plaintiff stated "Plaintiff will seek Court approval to

---

judicial officers to ensure that they do not have a disqualifying conflicts of interest. *See* 28 U.S.C. § 455; Canon 3(C)(1) of the Code of Conduct for United States Judges. Plaintiff has not filed a Rule 3.03 disclosure.

proceed anonymously in all filings and public proceedings . . . ,&quot; but she still has not done so. Thus, she is currently in violation of the Court's February order. Doc. 113, p. 3.

Accordingly, on or before May 2, 2025, Plaintiff must show cause as to why this case should not be dismissed for failure to prosecute and for failing to comply with both the Federal Rules of Civil Procedure and this Court's prior order. *See* FED. R. CIV. P. 41(b) (authorizing a district court to dismiss an action for failure to prosecute or to comply with federal rules or a court order).

Should Plaintiff file a motion to proceed under pseudonym on or before that date, her order to show cause will be discharged.

DONE and ORDERED on April 24, 2025.

*[signature: Natalie Hirt Adams]*
NATALIE HIRT ADAMS
United States Magistrate Judge