UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H.,

    Plaintiff,

v.                                                        CASE NO. 8:24-cv-1678-SDM-NHA

SALESFORCE, et al.,

    Defendants.
_____/

**ORDER**

    Rule 4(m), Federal Rules of Civil Procedure, states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Local Rule 1.10 requires that "[w]ithin twenty-one days after service of a summons and complaint, a party must file proof of service."

    Although the plaintiff filed the complaint on July 17, 2024, a review of the docket reveals no "proof of service" for Salesforce, Backpage.com LLC, Carl Ferrer, Michael Lacey, John Brunst, Scott Spear, John Doe, Joseph A. Easton, and Matthew C. Doyle. No later than **JULY 14, 2025**, the plaintiff must move to extend the time within which to serve each defendant. Any motion to extend the time for service must establish "good cause for the failure" to timely serve each defendant.

Absent a motion to extend the time for service, an order will dismiss each action against each unserved defendant.

The plaintiff served Brian J. Griguere (Doc. 44), James W. Hancock (Doc. 42), Lawrence E. Kemble (Doc. 43), Shawn C. Henson (Doc. 40), and Lachman Kaladeen (Doc. 53). A review of the docket reveals no response from Griguere, Hancock, Kemble, Henson, or Lachman. The plaintiff moved (Docs. 60, 61) for entry of a default against Kemble and Henson. Two earlier orders (Docs. 67, 69) grant each motion for entry of a default. On November 15, 2024, the clerk entered a default against Kemble and Henson.

Local Rule 1.10 requires that "[w]ithin twenty-eight days after a party's failure to plead or otherwise defend, a party entitled to a default must apply for the default." Also, Local Rule 1.10 requires that "[w]ithin thirty-five days after entry of a default, the party entitled to a default judgment must apply for the default judgment or must file a paper identifying each unresolved issue — such as the liability of another defendant — necessary to entry of the default judgment."

A review of the docket reveals no motion for a default judgment against Kemble or Henson and reveals no motion for entry of a default against Griguere, Hancock, or Lachman. No later than **JULY 14, 2025**, the plaintiff must **SHOW CAUSE** why each action against Griguere, Hancock, Kemble, Henson, and Lachman should not be dismissed in accord with Local Rule 1.10(d).

The amended complaint (Doc. 112) removes each claim against Wyndham Hotels and Resorts, Inc.; Choice Hotels International, Inc.; IHG Hotels and Resorts;

- 2 -

and Holiday Hospitality Franchising, LLC.  Each action against Wyndham, Choice Hotels, IHG Hotels, and Holiday Hospitality is **DISMISSED WITHOUT PREJUDICE**.  The clerk must terminate Wyndham, Choice Hotels, IHG Hotels, and Holiday Hospitality from the service list.

ORDERED in Tampa, Florida, on July 2, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE