## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

JANE DOE, I.H., an individual,

      CASE NO.: 8:24-cv-1678-SDM-NHA

    Plaintiff,

  v.

SALESFORCE, et. al.

    Defendants.

_____/

### PLAINTIFF'S NOTICE OF FILING CASES AUTHORITY IN RESPONSE TO COURT ORDER (DOC. 167)

**COMES NOW** the Plaintiff, by and through undersigned counsel, and pursuant to the Court's July 2, 2025, Order (Doc. 167), hereby submits the following authority cited in Plaintiff's responses (Docs. 120, 152, 153) to Defendants' motions to dismiss:

### I. Clarification of Previously Cited Authorities

Plaintiff's counsel acknowledges that the cases *Doe v. City of Miami*, Civil Action No. 23-23712-Civ-Scola (S.D. Fla.) *attached as* **Exhibit A**, and *Doe v. Harbourview Inn, LLC*, Case No. 2:25-CV-01323-JXN-MAH (D.N.J.) *attached as* **Exhibit B**, cited in the aforementioned responses, were inadvertently referenced by a research paralegal in support of Plaintiff's IIED (Intentional Infliction of Emotional Distress) claim. These cases were not directly on point regarding hotel operator liability for IIED arising from knowledge and failure to act on indicators of sex trafficking.

Upon further review and to ensure the Court has accurate and relevant authority, Plaintiff now respectfully submits the following cases that more directly and strongly support the viability of Plaintiff's IIED claim against hotel operators under similar factual allegations. Plaintiff also requested that you kindly disregard the docket entry 168 as an inadvertent error of oversight.

## II. Corrected and Supporting Authorities

**1. Mitchell, Lisa v. Grand Hotel Inc., (W.D. Wis. 2024), Case No. 23-cv-605-wmc** (the court held that when the allegations are viewed in the light most favorable to the plaintiff, the allegations included that Choice Hotels assisted or facilitated Rodeway Inn's conduct in subjecting guests to sexual assault in exchange for housing, which led to Mitchell's alleged assault and resulting PTSD, are sufficient at this early stage to state a claim for intentional infliction of emotional distress.)

**2. S.C. v. Hilton Franchise Holding LLC, (D. Nev. 2024), Case No 2:23-CV- 02037-APG-DJA** (Whether conduct constitutes extreme outrage is a question for a jury to determine, "considering prevailing circumstances, contemporary attitudes and [S.C.'s] own susceptibility." Posadas v. City of Reno, 851 P.2d 438, 444 (Nev. 1993)) (court found that S.C. plausibly alleged a claim for intentional infliction of emotional distress (IIED) by asserting that the Hampton Inn Defendants repeatedly rented a room to Mohammad A., despite knowing or recklessly disregarding that he would use it to sexually abuse her. The court determined it was reasonable to infer that such abuse would cause severe

emotional distress, which S.C. sufficiently alleged. Additionally, the court concluded that Hilton could plausibly be held liable through agency, as S.C. alleged that Hilton controlled aspects of the hotel's operations related to room reservations and anti-trafficking measures. As a result, the court denied Hilton's motion to dismiss the IIED claim.)

**3. J.C. v. Choice Hotels Int'l, Inc., Case No. 20-cv-00155-WHO (N.D. Cal. Oct 28, 2020)** (The court found the allegations sufficient to suggest that the hotel operators knew or should have known about the trafficking due to specific policies requiring staff to report obvious signs of trafficking. This suggests a potential for liability if the operators failed to act on such knowledge.)

**4. Doe v. 42 Hotel Raleigh, LLC, 717 F.Supp.3d 464 (E.D. N.C. 2024)** (In this case, hotel staff ignored clear signs of distress and violence, which could potentially support claims of IIED. The cases cited involve situations where hotel staff either ignored or actively assisted in trafficking, which could be seen as extreme and outrageous conduct necessary for an IIED claim.)

**5. A.B. v. Wyndham Hotels & Resorts, Inc., 532 F.Supp.3d 1018 (D. Or. 2021)** (courts have not found hotel operators liable under the TVPRA for failing to prevent sex trafficking, as the Act does not impose an affirmative duty on hotels to stop trafficking. This suggests that courts have not extended liability to hotel operators for intentional infliction of emotional distress (IIED) based solely on a failure to act in the face of trafficking indicators, as the legal framework does not require them to take affirmative action to prevent trafficking. A.B. v. Marriott

International, Inc., 455 F. Supp. 3d 171, 182 (E.D. Pa. 2020) ('We disagree with [plaintiff] to the extent she seeks us to find Congress imposed duties upon businesses to affirmatively prevent sex trafficking on their hotel properties as businesses who financially benefit from trafficking through room rentals. We do not read the Act as requiring hotels ... to affirmatively stop the trafficking.'); see also B.M. v. Wyndham Hotels & Resorts, Inc., 2020 WL 4368214, at *7 (N.D. Cal. July 30, 2020) ('To be clear, the Court does not read section 1595 of TVPRA requiring hotels or their franchisors to affirmatively stop sex trafficking').

**6. K.O. v. G6 Hosp., LLC, 728 F.Supp.3d 624 (E.D. Mich. 2024)** (In this case, courts have found sufficient knowledge of trafficking based on specific facts, such as hotel staff ignoring pleas for help or being aware of unusual activities indicative of trafficking. These allegations can also be compared to other cases in which courts have found sufficient knowledge based on specific facts of a plaintiff's sex trafficking at a particular hotel. See M.A., 425 F. Supp. 3d at 962 ('[d]espite her desperate pleas and screams for help, after being beaten or choked at the Defendants' hotel properties, the hotel staff ignored her and did nothing to prevent the ongoing and obvious torture she endured.'); A.R., 2022 WL 17741054, at *1 (plaintiff alleged 'she called the front desk of the [hotel] for help when her trafficker and a 'john' got into a fight and a hotel employee arrived to break up the fight,' 'unusually large numbers of male guests asking for [plaintiff] at the front desk,' and 'one of [plaintiff's] traffickers regularly requesting that hotel staff notify him when A.R. attempted to leave the hotels.').

### III. Conclusion

The above-cited authorities collectively support Plaintiff's contention that hotel operators may be held liable for IIED when they knowingly fail to act in the face of clear sex trafficking indicators. Plaintiff submits this corrected and complete authority to assist the Court in its evaluation of the motions to dismiss and to ensure clarity, candor, and accuracy in the record.

Plaintiff respectfully requests that the Court consider the above-cited authorities in support of her claims and appreciates the opportunity to provide this clarification in accordance with the Court's Order.

The above-cited authorities in support of Plaintiff's argument that hotel operators failed to report trafficking and recklessly disregard it may be held liable for intentional infliction of emotional distress where they knowingly fail to act in the face of obvious indicators of sex trafficking.

Dated: July 10, 2025

        Respectfully submitted,

        THE LAW OFFICES OF TRAVIS R. WALKER, P.A.

        By: ___*/s/ Travis R. Walker*___
            Travis R. Walker Esq.
            Florida Bar No. 33693
            1100 SE Federal Highway
            Stuart, Florida 34994
            Telephone: (772) 708-0952
            travis@traviswalkerlaw.com
            service@traviswalkerlaw.com
            wasi@traviswalkerlaw.com