**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JANE DOE, I.H., an individual,                    CASE NO.: 8:24-cv-1678

       Plaintiff,

   v.

SALESFORCE, et. al.

       Defendants.

_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE**
**SERVICE OF SUMMONS ON CERTAIN DEFENDANTS**

Plaintiff, Jane Doe, I.H., by and through undersigned counsel, respectfully moves this Honorable Court pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and in accordance with the Court's Order dated July 2, 2025 (Doc. 166), for a 30-day extension of time to complete service of process on the following Defendants: **Salesforce, Backpage.com LLC, Carl Ferrer, Michael Lacey, John Brunst, Scott Spear, John Doe, Joseph A. Easton, and Matthew C. Doyle**. In support of this Motion, Plaintiff states the following:

    1.    Plaintiff filed the Complaint in this action on **July 17, 2024**.

    2.    On **November 21, 2024**, Plaintiff filed a **Motion to Amend Summons for Matthew Doyle** (Doc. 72), and previously submitted a proposed amended summons on **October 25, 2024** (Doc. 52), attached here again as **Exhibit A**.

    3.    A summons for **Joseph A. Easton** was issued; however, due to inadvertent clerical errors and internal miscommunication between co-counsel and staff, the summons was not forwarded to the process server for service in a

timely manner. This was not intentional but rather the result of an administrative oversight.

4.      Similarly, Plaintiff requests the Court to issue summonses for the remaining unserved Defendants—**Salesforce, Backpage.com LLC, Carl Ferrer, Michael Lacey, John Brunst, Scott Spear, and John Doe**—as attached to this motion and respectfully seeks an additional 30 days to complete service upon these parties.

5.      While Rule 4(m) generally requires service within 90 days, courts have discretion to extend this period even absent a showing of good cause, especially where no prejudice to the defendant exists and where resolution on the merits is favored. See *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cir. 2005); *United States v. Ho*, 447 F. Supp. 3d 1347 (Ct. Int'l Trade 2020).

6.      In the present case, Plaintiff's failure to complete service is attributable to **the departure of the prior lead counsel from the firm** and **inadvertent calendaring and clerical oversight** by an assisting legal assistant. These circumstances constitute **excusable neglect** under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), and warrant a modest extension of time.

7.      Plaintiff's claims are meritorious and substantiated, and dismissing them solely on procedural grounds would unfairly preclude adjudication on the merits. See *Henderson v. United States*, 517 U.S. 654 (1996).

8.      Plaintiff has acted in good faith and is diligently working to effectuate service. Plaintiff believes that with an additional 30 days, service can be completed on all outstanding Defendants.

9.      This Motion is not brought for the purpose of delay, made in good faith, and granting the extension will not prejudice any party.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant a **30-day extension** to complete service of process upon Defendants Salesforce, Backpage.com LLC, Carl Ferrer, Michael Lacey, John Brunst, Scott Spear, John Doe, Joseph A. Easton, and Matthew C. Doyle, and for such other and further relief as the Court deems just and proper.

Dated: July 10th, 2025

THE LAW OFFICES OF TRAVIS R. WALKER, P.A.

By: __/s/ Travis R. Walker___
Travis R. Walker Esq.
Florida Bar No. 33693
1100 SE Federal Highway
Stuart, Florida 34994
Telephone: (772) 708-0952
travis@traviswalkerlaw.com
service@traviswalkerlaw.com
wasi@traviswalkerlaw.com