UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H.,

    Plaintiff,

v.   CASE NO. 8:24-cv-1678-SDM-NHA

SALESFORCE, et al.,

    Defendants.
_____/

## **ORDER**

Alleging that she was trafficked and sexually abused as a minor child and asserting claims under the Trafficking Victims Protection Reauthorization Act (TVPRA) and Florida law, I.H. sues twenty-one defendants, including two hotel franchisees — MGM Hotels, LLC; and GOSAI 9, LLC (doing business as Quality Inn and Days Inn by Windham) (collectively, the hotels). An earlier order (Doc. 105) grants each hotel's motion to dismiss the complaint and dismisses without prejudice each action against each hotel. Because the complaint failed to allege sufficient facts to establish "venture liability" and because the complaint failed to sufficiently allege facts showing actual or constructive knowledge that I.H. was trafficked at the hotels, the earlier order finds that the complaint failed to state a claim.

I.H. amends the complaint (Doc. 112) and adds new factual allegations that each hotel participated in the trafficking of I.H. The hotels move (Docs. 118, 125, and 126) again to dismiss each action against each hotel. The plaintiff responds

(Docs. 120, 152, and 153) in opposition to each motion. The earlier order (Doc. 105) states the relevant factual allegations in this action.

## DISCUSSION

### I. TVPRA Claims

To state a "beneficiary claim" under the TVPRA, "a plaintiff must plausibly allege that the defendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). A "venture" is an "undertaking or enterprise involving risk and potential profit." *Red Roof Inns*, 21 F.4th at 724. A complaint can establish "venture" or "common undertaking" liability by alleging either (1) that the hotels "directly associated" with I.H.'s traffickers or (2) that the hotels and I.H.'s traffickers maintained a "continuous business relationship." *J.G. v. Northbrook Indus., Inc.*, 619 F. Supp. 3d 1228, 1235 (N.D. Ga. 2022).

Count III of the amended complaint alleges that Gosai "participated in a sex trafficking venture by willfully ignoring, allowing, and enabling the trafficking of [I.H.]" at the Quality Inn in Chiefland, Florida. On March 3, April 7, and May 12, 2017, Kristina Hughes trafficked I.H. to the Quality Inn where "Henson and multiple other individuals" sexually abused I.H. (Doc. 112 at 47–48) Count III alleges that, on three occasions, "hotel employees" observed I.H.'s "malnourished

appearance, poor hygiene, exhaustion, and visible distress"; observed a "constant stream of men entering and exiting [I.H.'s] room within short periods"; observed I.H.'s lack of personal belongings, restricted freedom of movement, and visible control [of I.H.] by her trafficker; and observed the "presence of sex paraphernalia (e.g., condoms, lubricants) and bodily fluids in [I.H.'s room]." Also, the amended complaint alleges that Gosai had "actual or constructive knowledge that sex trafficking was occurring on its premises" because hotel employees witnessed "repeated and obvious indicators of trafficking."

Nothing in Count III establishes a "direct association" between Gosai and the traffickers — no allegation appears that Gosai directly helped to traffic or abuse I.H. Gosai's knowledge of the trafficking alone is insufficient to show participation. *G.W. v. Northbrook Indus., Inc.*, 739 F. Supp. 3d 1243, 1250 (N.D. Ga. 2024) ("It is not enough for the purposes of the participation prong that [the hotel] knew or should have known that sex trafficking was occurring at its property."). Also, Count III's allegation that I.H. was trafficked at the Quality Inn on three occasions in three months is insufficient to establish a "continuous business relationship." *Northbrook*, 739 F. Supp. 3d at 1251 (finding that "a total of only eleven nights in three different months at a property that has numerous rooms for rent 365 nights a year" was insufficient to establish "a special relationship or common venture between Plaintiff's traffickers and the Hotel."); *K. H. v. Riti, Inc.*, 2024 WL 505063, at *1, *3 (11th Cir. Feb. 9, 2024) (finding that renting hotel rooms to a trafficker where the victim was "sexually assaulted hundreds of times" over four years in the hotel was insufficient to

- 3 -

establish "a common sex trafficking undertaking or enterprise"). Count III fails to state a "beneficiary" claim under the TVPRA.

Counts V and VII in the amended complaint suffer similar defects. Count V alleges that on April 7, 2017, Hughes trafficked I.H. to Gosai's Days Inn in Chiefland, Florida, where Henson and "multiple other individuals" sexually abused I.H. The complaint alleges that Days Inn employees observed several men entering the room; observed I.H. "visibly distressed, underage, and in poor physical condition"; observed that I.H. had no luggage or personal belongings; and observed that I.H.'s traffickers paid for the room with cash. (Doc. 112 at 54–55) Count VII alleges that on February 5, 2017, Hughes trafficked I.H. to MGM's Holiday Inn in Ocala, Florida, where four men sexually abused I.H. Count VII repeats several of the allegations in Count V but alleges that the room rented to the traffickers was "visible from the lobby."

Counts V and VII fail to sufficiently allege facts that establish "some connection" between Gosai or MGM and I.H.'s traffickers, and nothing in the amended complaint shows that Gosai or MGM "took steps to advance the object of that relationship." *Northbrook*, 739 F. Supp. 3d at 1251. Although the allegations in Counts V and VII might sufficiently allege that Gosai and MGM knew or should have known of I.H.'s trafficking, that is not enough to establish "participation" or a "continuous business venture." Nothing in Counts V or VII establishes that Gosai or MGM directly participated in the trafficking or abuse of I.H., and renting a hotel

room on one occasion fails to establish a "continuous business venture." Counts V and VII fail to state a "beneficiary" claim under the TVPRA.

### II. Intentional Infliction of Emotional Distress Claims

The amended complaint asserts against each hotel a claim for intentional infliction of emotional distress (Counts IV, VI, and VIII). The elements of a claim for intentional infliction of emotional distress are "(1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1367–68 (11th Cir. 2024) (quoting *Moore v. Pederson*, 806 F.3d 1036, 1053 (11th Cir. 2015)). "Whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law, not a question of fact." *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. 2nd DCA 2007).

The amended complaint fails to allege any action by the hotels that is "outrageous, beyond all bounds of decency," or "odious and utterly intolerable." As noted above, no allegation appears that the hotels "participated" in the trafficking or abuse of I.H. The complaint alleges that the hotels are liable for I.H.'s intentional infliction of emotional distress claims because the hotels knew of I.H.'s trafficking and abuse and failed to act to stop the trafficking. The complaint fails to allege sufficient facts to establish either that the hotels intended to act in a way that was extreme and outrageous or that the hotels' actions were reckless.

To support her contention that the hotels' failure to intervene is "extreme and outrageous conduct," I.H. cites (Doc. 169) several district court cases outside of the Eleventh Circuit, none of which applies Florida law. I.H. fails to identify a case (applying Florida law) that holds that the inaction of a person is sufficiently outrageous "conduct" for an intentional infliction of emotional distress claim. A search of Florida and Eleventh Circuit case law reveals no decision finding that a hotel's failure to intervene in a sex trafficking scheme, without more, could satisfy the "extremely high burden" of an intentional infliction of emotional distress claim under Florida law. *See Parkey v. Carter*, 702 F. Supp. 3d 1253, 1259 (S.D. Fla. 2023). However, at least one Florida court finds that inaction or failing to intervene is not sufficiently outrageous to sustain a claim for intentional infliction of emotional distress. *Glegg v. Van Den Hurk*, 379 So. 3d 1171, 1174 (Fla. 4th DCA 2024), *review denied sub nom. Glegg v. Hurk*, 2024 WL 3102524 (Fla. June 24, 2024) ("[T]he Stepfather's actions and inactions are nowhere near the level of 'outrageous' conduct necessary to establish an intentional infliction of emotional distress claim under Florida law."). Although I.H.'s "allegations describe distressing events, the allegations simply do not rise to the level of outrageousness required by the applicable case law." *Parkey*, 702 F. Supp. 3d at 1259.

"Even construing the facts in the light most favorable to [I.H.]," the complaint fails to state a claim for intentional infliction of emotional distress against the hotels. Counts IV, VI, and VIII warrant dismissal.

## CONCLUSION

The claims in this action are serious and distressing. The alleged harms to I.H. by her abusers and traffickers (including allegedly her mother) are unimaginably evil. Nevertheless, I.H. bears the burden to allege sufficient facts that establish the hotels' liability under the specific requirements of the TVPRA and Florida law. Because the complaint fails to state a claim under the TVPRA and because the complaint fails to state a claim for intentional infliction of emotional distress, each motion (Docs. 118, 125, and 126) to dismiss is **GRANTED**. Each action against each hotel is **DISMISSED WITH PREJUDICE**.

ORDERED in Tampa, Florida, on July 17, 2025.

                                          *[signature]*
                                          STEVEN D. MERRYDAY
                                          UNITED STATES DISTRICT JUDGE