# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

JANE DOE, I.H., an individual,

        Plaintiff,

    v.

SALESFORCE, et. al.

        Defendants.

_____/

CASE NO.: 8:24-cv-1678-SDM-NHA

## PLAINTIFF'S RESPONSE TO ORDER
## TO SHOW CAUSE (DOC. 179)

**COMES NOW** Plaintiff, by and through undersigned counsel, and pursuant to the Court's Orders dated July 2 and July 18, 2025 (Docs. 166 and 179), respectfully submits this Response to Show Cause regarding why the claims against Defendants Griguere, Hancock, Kemble, Henson, and Lachman should not be dismissed pursuant to Local Rule 1.10(d). In support thereof, Plaintiff states as follows:

    1.    Plaintiff has made good faith efforts to serve and prosecute this case against the named Defendants. However, due to the departure of the prior lead counsel, inadvertent clerical calendaring errors by a legal assistant, and internal miscommunications between co-counsel and support staff incapacity or staff transition disrupting workflow, Plaintiff did not timely file the motions required under Local Rule 1.10. This delay was unintentional and constitutes excusable neglect.

2.   Service of process has been completed for Defendants Griguere, Hancock, Kemble, Henson, and Lachman, as reflected in the docket at entries [44, 42, 53, 43, and 40]. Proof of service was filed in accordance with Local Rule 1.10(a).

3.   Additionally, the Clerk has entered defaults against Defendants Henson and Lachman for failure to answer or otherwise appear (Docs. 67 and 69).

4.   Federal courts generally disfavor dismissal for procedural shortcomings where curable and non-prejudicial. In Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988), the court held that dismissal is a harsh sanction that should be reserved for extreme circumstances. Similarly, in Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002), courts balanced the public interest in efficient case resolution against the strong preference for decisions on the merits.

5.   Courts have recognized similar circumstances as grounds for excusable neglect. For example, in Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984), the Supreme Court acknowledged that inadequate notice and procedural confusion may excuse untimely actions.

6.   To date, none of the Defendants at issue has filed an answer, motion, or otherwise appeared in this case. They have not sought or obtained an extension of time to respond. As such, no prejudice has resulted from Plaintiff's delay. The Ninth Circuit has stated in Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), that although delay can raise a presumption of prejudice, such prejudice is not presumed where the opposing party has taken no action and is not materially impacted.

7. Plaintiff has already filed motions for clerk's default and default judgment (Docs. 168, 171, 172, 173, 174, and 175), although they were denied. Plaintiff now respectfully requests leave to refile and or consider those motions and/or seek alternative relief consistent with Local Rules 1.10(b) and 1.10(c), to cure any deficiencies and comply with procedural requirements.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that the Court not dismiss the claims against Defendants Griguere, Hancock, Kemble, Henson, and Lachman and instead grant Plaintiff:

a) Leave to refile corrected motions for clerk's default and default judgment;
b) A brief extension of time to comply with Local Rule 1.10(b) and (c); and
c) Such other relief as the Court deems just and proper to resolve these claims on the merits rather than on procedural grounds.

Dated: July 28, 2025

Respectfully submitted,

THE LAW OFFICES OF TRAVIS R. WALKER, P.A.

By: */s/ Travis R. Walker*
Travis R. Walker Esq.
Florida Bar No. 33693
1100 SE Federal Highway
Stuart, Florida 34994
Telephone: (772) 708-0952
travis@traviswalkerlaw.com
service@traviswalkerlaw.com
wasi@traviswalkerlaw.com