IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H., an individual,　　　　　　　Case No. 8:24-CV-1678-SDM-NHA

　　　　　Plaintiff
Vs.

SALESFORCE, et al,

　　　　　Defendants.
_____

## MOTION FOR EXTENSION OF TIME TO FILE EXPERT DISCLOSURES

Plaintiff, JANE DOE, I.H., by and through her undersigned counsel, pursuant to Fed. R. Civ. P. 16(b)(4), respectfully moves this Court for an extension of time to file the Expert Disclosures which were due on August 1, 2025, and states as follows:

1. The current deadline for filing the witness statement was August 1, 2025, pursuant to the Court's Case Scheduling Order (*Doc.* 96).

2. Plaintiff respectfully acknowledges that this motion is filed after the August 1, 2025, deadline and sincerely apologizes to the Court for the delay in seeking this extension.

3. Despite diligent efforts, additional time is required to finalize the expert witness disclosure due to the complex nature of human trafficking cases, which necessitates additional time to locate, consult with, and retain qualified

expert witnesses with specialized knowledge in human trafficking, psychological trauma, economic damages related to trafficking victims, technology platforms' role in facilitating trafficking, and the operational dynamics of human trafficking enterprises and related fields. The identification and engagement of appropriate experts in this specialized area has proven more time-intensive than initially anticipated.

4. Additionally, Plaintiff cannot fully determine the scope and nature of expert testimony needed until all Defendants, particularly Salesforce, Matthew Doyle, Backpage, and other defendants, have responded to the Complaint, as the specific expert qualifications required will depend on the defenses raised and the scope of discovery permitted.

5. Following consultation with the client regarding the recent Notices of Appearance for Defendant, Salesforce, and Matthew Doyle in this matter, it has become apparent that additional time is necessary to properly identify and retain experts with the specific qualifications needed to address the expanded scope of issues now presented in this case.

6. Plaintiff has acted in good faith and has been diligent in preparing the disclosures. This request is made to ensure the accuracy and completeness of the filing with properly qualified expert witnesses, not for purposes of delay.

7. Granting this extension will not prejudice the Defendant(s) and will serve the interests of justice by allowing the Court and parties to work from a complete and reliable record with appropriate expert disclosures regarding the complex dynamics of human trafficking.

8. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Courts have recognized that good cause exists where deadlines are unrealistic under the circumstances or where a party has not had a fair opportunity to complete necessary work before the deadline. *See, Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998).

9. Plaintiff respectfully notes that the totality of the circumstances—including the complex nature of human trafficking litigation, the recent addition of certain corporate defendants who have only just entered appearances and have not yet had an opportunity to respond to the complaint or other pending motions, the prompt recognition of changed circumstances, and the minimal delay involved—support a finding of good cause and excusable neglect for the requested extension. Courts have recognized that scheduling deadlines may need to be adjusted to reflect the practical realities of complex, multi-party litigation. Allowing this extension would promote the interests of justice by enabling expert disclosures to be thorough and appropriately address all issues in the case, while causing no meaningful prejudice to any party.

## Local Rule 3.01(g) Good Faith Conference Certification

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that good faith efforts have been made to confer with opposing counsel regarding this motion. Counsel conferred with Jennifer C. Lester, Esquire, counsel for defendant, Jason Raulerson, who indicated that defense counsel cannot unilaterally modify court-ordered deadlines and that Plaintiff must seek judicial relief, noting that they could not consent without knowing the specific timeframe requested. Counsel also conferred with counsel Peyton E. Cochran, Esquire and Drew K. Patterson, Esquire, counsels for defendant, Matthew Doyle, on August 7th, 2025, via email, and Michael Holecek, Esquire, counsel for Salesforce, Inc., on August 7th, 2025, via email, but as of this filing date, no response has been received.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court **grant** an extension of **sixty (60)** days for the filing of Plaintiff's Expert Disclosures, extending the deadline to **October 14, 2025**.

Dated: 15th day of August, 2025.

                    Respectfully submitted,

                    **THE LAW OFFICES OF TRAVIS R. WALKER, P.A.**

                    By: __/s/ *Travis R. Walker*___
                    Travis R. Walker Esq.
                    Florida Bar No. 33693
                    1100 SE Federal Highway
                    Stuart, Florida 34994
                    Telephone: (772) 708-0952

travis@traviswalkerlaw.com
lketchum@traviswalkerlaw.com
wasi@traviswalkerlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE EXPERT DISCLOSURES**, filed through the ECF System, has been furnished to all registered parties/service recipients identified on the Notice of Electronic Filing (NEF) this **15th day of August, 2025**.

Dated: August 15, 2025

**THE LAW OFFICES OF TRAVIS R. WALKER, P.A.**

By: __/s/ *Travis R. Walker*___
Travis R. Walker Esq.
Florida Bar No. 33693
1100 SE Federal Highway
Stuart, Florida 34994
Telephone: (772) 708-0952
travis@traviswalkerlaw.com
lketchum@traviswalkerlaw.com
wasi@traviswalkerlaw.com