UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H., an individual,

    Plaintiff,

v().    Case No. 8:24-cv-01678-SDM-NHA

SALESFORCE, ET AL.,

    Defendants.
_____/

**ORDER**

Plaintiff's Motion for Entry of Clerk's Default against Carl Ferrer (Doc. 204) is denied without prejudice. Plaintiff has not shown that Defendant Ferrer was properly served.

**I.    Background**

Plaintiff Jane Doe, I.H. sues Backpage.com executive Carl Ferrer, for illegally advertising sex trafficking victims for sale on the Backpage.com website, in violation of 18 U.S.C.§ 1595. Sec. Amend. Compl. (Doc. 112), pp. 34–40.

Plaintiff claims that, on July 18, 2025, she served a summons and copy of the "Second Amended Verified Complaint," on Linda Sparks, a "[l]egal assistant" who is "authorized to accept service for Carl Ferrer" at 901 Main Street, Suite 5500, Dallas, Texas. Doc. 201. Now, Plaintiff asserts that Ferrer

failed to timely answer or otherwise respond to the Second Amended Complaint. Doc. 204. Plaintiff seeks entry of Clerk's default against him. Doc. *Id.*

I.   **Discussion**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

However, a court generally cannot exercise jurisdiction over a named defendant unless that party has been properly served or has waived service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). As the Eleventh Circuit has explained, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Accordingly, before seeking

entry of default, the plaintiff must establish that the defendant was properly served.[1]

Federal Rule of Civil Procedure 4(e) governs service of process on individuals. Rule 4(e)(2)(C) provides that a party may serve an individual by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(C). "Federal, not state, standards define who such agents are."[2] *Washington v. Norton Mfg., Inc.,* 588 F.2d 441 (5th Cir. 1979).

For example, federal courts recognize that the portion of Rule 4's language allowing authorization by appointment contemplates that agents may be either expressly or impliedly appointed to receive process on a defendant's behalf. *See In re Focus Media Inc.,* 387 F.3d 1077, 1082–1083 (9th

---

[1] Additionally, before default judgment may be entered, the Court must determine whether the defendant is a minor, incompetent, or currently serving in the military. FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."); Servicemembers Civil Relief Act, 50 U.S.C. § 3931. 33-1). For purposes of default judgment, Plaintiff has not established whether Defendant is engaged in military service or is a minor or incompetent as contemplated by Rule 55(b)(1).

[2] The scope of an agent's authority to accept service on another's behalf is governed by "general principles of the law of agency." *Nat'l Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316 (1964).

Cir. 2004) (noting that, in some instances, counsel may have implied authority to accept service of process); *United States v. Balanovski*, 236 F.2d 298, 303 (2d Cir. 1956) ("The power of attorney granted to Miss Devine by Balanovski at his departure was broad and sweeping in its terms, and an implied actual appointment to receive service of process may be readily spelled out therefrom."); *United States v. Ziegler Bolt & Parts Co.,* 111 F.3d 878, 881 (Fed. Cir. 1997) ("An agent's authority to accept service may be implied in fact.").

However, courts consistently hold that for service to be valid under Rule 4(e)(2)(C), there must be affirmative evidence that the defendant intended to confer authority on the person served to accept service. *Laffey v. Plousis*, 2008 WL 305289 (D.N.J. 2008), *aff'd*, 364 Fed. Appx. 791 (3d Cir. 2010) (even when the alleged agent represented to the process server that he was authorized to accept service on the defendant's behalf, service was ineffective without evidence that the defendant actually conferred such authority); *Whisman v. Robbins*, 712 F. Supp. 632, 636 (S.D. Ohio 1988) (assurances by an agent that he was authorized to accept service are insufficient to establish that he had that authority); *O'Meara v. New Orleans Legal Assistance Corp.*, 1991 WL 110401 (E.D. La. 1991) ("[T]he individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on

4

the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service.").

Such evidence may include a written contract appointing the agent, a power of attorney, or direct instructions from the defendant. *See Automatic Merchandising Corp. v. Zenga*, 159 F. Supp. 489 (D. Mass. 1958) (defendant's lawyer's secretary deemed authorized agent where defendant instructed lawyer to investigate the suit and lawyer's secretary obtained and forwarded the complaint to defendant); *United States v. Davis*, 38 F.R.D. 424 (N.D.N.Y. 1965) (power of attorney may be used to create an implied appointment); *Orix Financial Services, Inc. v. Cline*, 369 Fed. App'x. 174, 176 (2d Cir. 2010) (service upheld where contractually appointed agent delegated the task to an intermediary who mailed the summons and complaint).

Here, there is not enough information for this Court to determine that Plaintiff complied with the requirements of Rule 4(e)(2)(C) by delivering service to someone authorized to accept service on behalf of Defendant. The return of service indicates that the process server left a copy of the Summons and Second Amended Verified Complaint with Linda Sparks, a "[l]egal assistant" who is "authorized to accept service for Carl Ferrer," at 901 Main Street, Suite 5500, Dallas, Texas. Doc. 201. However, it is unclear for whom Ms. Sparks serves as "Legal assistant" or how she is authorized to accept

5

service on Mr. Ferrer's behalf. Thus, Plaintiff has not established that service was proper under Rule 4(e).

Rule 4(e)(2)(B) permits service by leaving a copy of the summons and complaint at an "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." However, it does not appear that the address listed in the return of service is a residential address, or that Ms. Sparks was a resident thereof. Service was insufficient to comply with Rule 4(e)(2)(B).

Rule 4(e)(1) permits service by any method allowed under the law of the forum state or the state where service occurred—in this case, Florida or Texas, respectively. FED. R. CIV. P. 4(e)(1).

Section 48.031 of the Florida Statutes governs service of process on individuals in Florida. It provides that someone may be served by leaving process "at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a). Again, it does not appear that the address listed in the return of service was a residential address, or that Ms. Sparks resided there. Thus, service did not comport with the Florida rules.

Finally, Texas Rule of Civil Procedure 106 provides that service may be accomplished by personal delivery or by "mailing to the defendant by

registered or certified mail, return receipt requested, a copy of the citation and of the petition."[3] Here, Plaintiff has not established service by either method.

For the reasons stated above, Plaintiff's motion for Clerk's default against Defendant Ferrer (Doc. 204) is DENIED WITHOUT PREJUDICE for failure to demonstrate proper service. Should Plaintiff renew the motion in the future, she should explain, specifically, how her means of service complied with the Federal Rules.

DONE and ORDERED on August 25, 2025.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] In Texas, "a citation is the process, authenticated and issued by the clerk of the court . . . [u]sually the citation issues upon a claim alleged in the plaintiff's original petition." 3 McDonald & Carlson Tex. Civ. Prac. §11:11 (2d. ed); see TX. R. Civ. P. 99 (explanation of issuance and form of citation).