UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H., an individual,

    Plaintiff,

v.                                      Case No. 8:24-cv-01678-SDM-NHA

SALESFORCE, ET AL.,

    Defendants.
_____/

## ORDER

Plaintiff's Motion for Entry of Clerk's Default against Backpage.com ("Backpage") (Doc. 203) is denied without prejudice. Plaintiff has not shown that Defendant Backpage was properly served.

### I. Background

Plaintiff Jane Doe, I.H. sues Backpage for illegally advertising sex trafficking victims for sale on the Backpage.com website, in violation of 18 U.S.C.§ 1595. Sec. Amend. Compl. (Doc. 112), pp. 34–40.

Plaintiff claims that, on July 18, 2025, she served a summons and copy of the "Second Amended Verified Complaint," on Linda Sparks, "[l]egal assistant" to Backpage's "Attorney Mark Castillo," at 901 Main Street, Suite 5500, Dallas, Texas. Doc. 200. She asserts that Ms. Sparks "is authorized to accept service for Backpage.com, LLC." *Id*. Now, Plaintiff alleges that

Backpage failed to timely answer or otherwise respond to the Second Amended Complaint. Doc. 203. Plaintiff seeks entry of Clerk's default against them. Doc. Id.

### I.    Discussion

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

However, a court generally cannot exercise jurisdiction over a named defendant unless that party has been properly served or has waived service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). As the Eleventh Circuit has explained, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Accordingly, before seeking entry of default, the plaintiff must establish that the defendant was properly served.

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and

applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). "Federal, not state, standards define who such agents are."[1] *Washington v. Norton Mfg., Inc.,* 588 F.2d 441 (5th Cir. 1979).

For example, federal courts recognize that the portion of Rule 4(h)(1)(B)'s language allowing authorization by appointment contemplates that agents may be either expressly or impliedly appointed to receive process on the defendant's behalf. *See In re Focus Media Inc.,* 387 F.3d 1077, 1082–1083 (9th Cir. 2004) (noting that, in some instances, counsel may have implied authority to accept service of process); *United States v. Balanovski,* 236 F.2d 298, 303 (2d Cir. 1956) ("The power of attorney granted to Miss Devine by Balanovski at his departure was broad and sweeping in its terms, and an implied actual appointment to receive service of process may be readily spelled out

---

[1] Admittedly, there is a scarcity of case law discussing when an agent is "authorized by appointment or by law to receive service," but the Supreme Court has held that the scope of an agent's authority to accept service on another's behalf is governed by "general principles of the law of agency." *Nat'l Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316 (1964).

therefrom."); *United States v. Ziegler Bolt & Parts Co.,* 111 F.3d 878, 881 (Fed. Cir. 1997) ("An agent's authority to accept service may be implied in fact."). One way a defendant company may expressly appoint an agent to receive service on its behalf is via a legally enforceable contract. *Szukhent,* 375 U.S. at 311.

In any event, here, there is not enough information for this Court to determine that Plaintiff complied with the requirements of Rule 4(h)(1)(B) by delivering service to someone authorized to accept service on behalf of Defendant. The return of service indicates that the process server left a copy of the Summons and Second Amended Verified Complaint with Linda Sparks, Defense counsel's "[l]egal assistant" who is "authorized to accept service for Carl Ferrer," at 901 Main Street, Suite 5500, Dallas, Texas. Doc. 200. However, it is unclear how Ms. Sparks, as legal assistant to Backpage's attorney (who has not made an appearance in this case) is authorized to accept service on Backpage's behalf. Thus, Plaintiff has not established that service was proper under Rule 4(h)(1)(B).

An LLC may also be served by following state law in which the district court is located or in which service is effected—in this case, Florida or Texas, respectively. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Section 48.062 of the Florida Statutes governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept

4

service on an LLC's behalf. Subsection (2) directs plaintiffs to first attempt service on the LLC's registered agent. *See* Fla. Stat. § 48.062. Here, Plaintiff provides no evidence that Ms. Sparks is Backpage's registered agent. Thus, she fails to establish that Defendant was properly served in accordance with Florida law.

Similarly, Texas law allows service of process on an LLC's registered agent, the manager of a manager-managed LLC, or any member of a member-managed LLC. See Tex. Bus. Orgs. Code §§ 5.201, 5.255(3). Yet, once again, there is no evidence that Ms. Sparks is Backpage's registered agent. Nor has Plaintiff provided any information regarding whether Backpage.com is manager- or member-managed. Even if she had, nothing in the record suggests that Ms. Sparks is a manager or member of the company.

For the reasons stated above, Plaintiff's motion for Clerk's default against Backpage (Doc. 203) is DENIED WITHOUT PREJUDICE for failure to demonstrate proper service. Should Plaintiff renew the motion in the future, she should explain, specifically, how her means of service complied with the Federal Rules.

DONE and ORDERED on August 25, 2025.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE