IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JANE DOE, I.H., an individual,

                                              **CASE NO.: 8:24-cv-01678**

      Plaintiff,

v.

SALESFORCE, BACKPAGE.COM, LLC,
CARL FERRER, Individually,
MICHAEL LACEY, Individually,
JOHN BRUNST, Individually
SCOTT SPEAR, Individually,
GOSAI 9, LLC., d/b/a Quality Inn,
GOSAI 9, LLC., d/b/a Days Inn by Wyndham
MGM HOTELS LLC., d/b/a Holiday Inn & Suites,
JOHN DOE, the person, or entity that owned the
property located at 31199 Longwood Dr., Brooksville, Florida,
BRIAN J. GRIGUERE, Individually,
JOSEPH A. EASTON, Individually,
JAMES W. HANCOCK, Individually,
JASON M. RAULERSON, Individually,
LUIGI BARILIE, Individually,
LAWRENCE E. KEMBLE, Individually,
MATTHEW C. DOYLE, Individually,
SHAWN C. HENSON, Individually,
LACHMAN KALADEEN, Individually,
WYNDHAM HOTELS AND RESORTS, LLC.,
CHOICE HOTELS INTERNATIONAL, INC.,
IHG HOTELS AND RESORTS
      Defendants.
_____/

## **DEFENDANT, JASON RAULERSON'S MOTION FOR EXTENSION OF TIME TO FILE EXPERT WITNESS DISCLOSURES**

Defendant, JASON M. RAULERSON ("Defendant"), pursuant to

Federal Rules of Civil Procedure 26, respectfully moves this Honorable Court for an extension of time for Defendant, Jason M. Raulerson ("Defendant") to provide his expert witness disclosures. In support, Defendant states:

I. Background

1. At the request of the Defendants, counsel for the parties conducted a planning conference in accordance with Local Rule 3.02(a)(1) on January 22, 2025. At the planning conference, the Plaintiff agreed to provide expert witness disclosures by August 1, 2025. *See Uniform Case Management Report, Doc. 96.* All parties, through counsel, signed the Uniform Case Management Report.

2. On February 3, 2025 this Court entered an Order requiring the parties to conform to the deadlines in the case management report. *See Order, Doc. 97.*

3. Throughout this litigation, Plaintiff has consistently failed to comply with this Court's Orders, provide timely disclosures and timely answer discovery. Plaintiff completely failed to provide Rule 26(a)(1) initial disclosures, in violation of the Federal Rules and the Court's scheduling order, until this Court issued an Order compelling them on May 2, 2025. *See Order, Doc. 140.*

4. Further, while Plaintiff's expert witness disclosures were due on

August 1, 2025, she filed a Motion for Extension of Time to File Expert Disclosures on August 15, 2025. To date, she still has not filed her expert witness disclosures.

**II.** Plaintiff's Failure to Comply With Discovery Obligations by Refusing to Respond has hampered Defendant's Ability to Discern which Experts are needed.

Plaintiff's consistent failure to provide disclosures and responses to discovery hamper the efficient resolution of this case and makes it impossible for Defendant to know the issues about which expert testimony will be needed. Rule 26(a)(2) requires that Plaintiff disclose her experts, reports if required and the disclosures required under Rule 26(a)(2)(C), if a report is not required. Rule 26(a)(2)(D) requires that this be done "at the times and in the sequence that the court orders." Plaintiff's delay in providing her disclosures hampers the efficient resolution of this case for all parties. Plaintiff's conduct is in clear violation of this Court's Order, Fed. R. Civ. P. 26(a)(2)(D)(1) and 37(a)(3)(A), and undermines the orderly administration of discovery and resolution of this matter, and makes it impossible for Defendant to name, retain or provide documents to experts.

### III. Legal Standard

Under Rule 26(a)(2)(D), Defendant is entitled to disclosure of Plaintiff's experts before his must be disclosed. Therefore, Defendant should be permitted to

delay his expert disclosure until 30 days after Plaintiff's have been disclosed.

**WHEREFORE**, Defendant Jason M. Raulerson respectfully requests this Court enter an order extending the time by which he must disclose his experts and for such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Defendant conferred in good faith with counsel for Plaintiff via email on September 2, 2025 and has attempted to confer via telephone on September 2, 2025 without receiving any response from Plaintiff's counsel regarding the relief requested herein. Accordingly, the motion is opposed.

Respectfully submitted this 2d day of September, 2025.

AVERA & SMITH, LLP

_____
Jennifer Cates Lester
Florida Bar No.: 0945810
John D. Whitaker
Florida Bar No.: 196363
Avera & Smith, LLP
2814 S.W. 13th Street
Gainesville, FL 32608
Telephone: (352) 372-9999
Facsimile: (352) 375-2526
jlester@avera.com
ewhisler@avera.com
sdewey@avera.com
Attorney for Defendant Raulerson