UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H., and individual,

    *Plaintiff*,

v.

SALESFORCE, et al.

    *Defendants*.

Case No. 8:24-cv-1678-SDM-NHA

**DEFENDANT DOYLE'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT OR
ALTERNATIVELY, TO STRIKE SCANDALOUS ALLEGATIONS**

Defendant Matthew Doyle respectfully moves to dismiss Plaintiff's Second Amended Complaint ("SAC") [Dkt. 112] with prejudice under Federal Rules of Civil Procedure 8(a), 10(b), and 12(b)(6), or in the alternative, to strike immaterial and scandalous matters under Rule 12(f).

## I. INTRODUCTION

Plaintiff's SAC is a textbook shotgun pleading: it spans 104 pages, includes 313 numbered paragraphs, and asserts 36 counts against 21 defendants. It incorporates hundreds of allegations into every cause of action—without differentiating between defendants or specifying what each allegedly did. Plaintiff lodges the same conclusory allegations against every individual defendant, including Doyle, without providing any specific facts to support the claims against him. The SAC fails to give fair notice of the claims as required by Rule 8 and should be dismissed in its entirety.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility." *Id.* (quoting *Twombly*, 550 U.S. at 557). To withstand dismissal, the plaintiff must provide more than "labels and conclusions," "naked assertion[s] devoid of [] factual enhancement," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555-57. Likewise, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Courts must also use their "'judicial experience and common sense'" especially when evaluating "carbon-copy complaints" that "use identical language to state the same conclusory allegations." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022) (quoting *Iqbal*, 556 U.S. at 679). In fact, a court may refuse to credit a "cookie-cutter assertion" on the ground that it is facially "implausible." *Id.*; *see Tormenia v. LVNV Funding, Inc.*, 2019 WL 3429591, at *4 (M.D. Fla. July 30, 2019) ("[I]ndiscriminate parroting of the same allegations from action

2

to action and from defendant to defendant creates skepticism about the adequacy of the attorneys' pre-suit investigation."); *Rhinehart v. CBE Grp., Inc.*, 714 F. Supp. 2d 1183, 1186 (M.D. Fla. 2010) (A "boilerplate complaint" with "spurious claims" may warrant sanctions.).

### III. MEMORANDUM OF LAW

#### A. The SAC is an Impermissible Shotgun Pleading

A complaint that incorporates every preceding paragraph into each count and fails to specify the factual basis for each claim against each defendant violates Federal Rules of Civil Procedure 8(a) and 10(b). *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Several kinds of shotgun pleadings exist. *Id.* The most common type "by a long shot" is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* This pleading style deprives defendants of adequate notice and forces both the defendant and the Court to guess at the factual basis for each claim. *Id.*

The Eleventh Circuit has "little tolerance for shotgun pleadings" and repeatedly has condemned complaints that fail to separate "into a different count each cause of action or claim for relief." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). It has also stressed that district courts have "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including the authority to dismiss a complaint on shotgun-pleading grounds. *Weiland*, 792 F.3d at

1320. Such pleadings waste judicial resources, broaden discovery unnecessarily, clog appellate dockets, and "undermine[ ] the public's respect for the courts." *Shabanets*, 878 F.3d at 1295 (internal citations omitted) (detailing the "unacceptable consequences of shotgun pleading").

The Eleventh Circuit repeatedly has held that a shotgun pleading properly is dismissed under Rule 12(b)(6). *See, e.g.*, *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 n.3 (11th Cir. 2014) (collecting over twenty decisions); *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading"); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1352 (11th Cir. 2018) (affirming dismissal with prejudice).

These defects are not merely technical—they obstruct fair and efficient resolution of claims. *See e.g.*, *Kassenoff v. Harvey*, No. 4:23-cv-316-RH-MAF, 2024 WL 562738, at *3 (N.D. Fla. Feb. 8, 2024) (dismissing 110-page complaint with 205 paragraphs as a shotgun pleading); *Herbst v. Am. Orthodontics Corp.*, No. 23-cv-61338, 2023 WL 7108633, at *1 (S.D. Fla. Oct. 10, 2023) (striking 52-page complaint that was "excessive in length, long on conclusions, short on facts").

Plaintiff brings three claims against Doyle: Count XXXI (sex trafficking), Count XXXII (battery), and Count XXXIII (intentional infliction of emotional distress). Each count incorporates by reference more than 280 paragraphs, including all allegations against unrelated parties from all preceding counts. *See* SAC at ¶¶ 1–282, 288–293. Yet none of these counts have any specific factual

4

allegations about Doyle's conduct. The SAC leaves it to Doyle and the Court[1] to comb through hundreds of paragraphs to determine what, if anything, is alleged against him.

That is precisely what *Weiland* prohibits. The pleading failures here are particularly egregious given the length of the pleading, the number of claims and defendants, and the seriousness of the claims asserted, including sex trafficking and intentional infliction of emotional distress. Because the SAC is the very definition of a shotgun pleading, Counts XXXI, XXXII, and XXXIII should be dismissed.

### B. Plaintiff Fails to State a Claim Against Doyle

#### 1. Count XXXI – Sex Trafficking

The SAC alleges no facts plausibly suggesting that Doyle knowingly participated in or benefitted from a sex trafficking venture. *See Doe v. Rickey Patel, LLC*, No. 0:22-cv-62340, 2023 WL 2989052, at *4 (S.D. Fla. Apr. 13, 2023) (dismissing claims where allegations were conclusory and identical across defendants). Plaintiff merely alleges that each of the individual defendants was a "buyer" or a "participant" and that she was trafficked, without identifying specific conduct by Doyle. SAC ¶¶ 283–288. These formulaic recitations are insufficient. *See Twombly*, 550 U.S. at 555.

---

[1] "[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff. By digging through a complaint in search of a valid claim, the courts 'would give the appearance of lawyering for one side of the controversy.' This in turn, would cast doubt on the impartiality of the judiciary. Such a result is plainly inconsistent with the oath to which each judge has sworn." *Barmapov v. Amuial*, 986 F.3d 1321, 1328 (11th Cir. 2021) (Tjoflat, J., concurring) (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018)).

### 2. Count XXXII – Battery

Plaintiff alleges that each of the nine individual defendants, including Doyle, engaged in identical conduct. SAC ¶¶ 289–291. No facts support that Doyle had any contact with Plaintiff, much less non-consensual, harmful, or offensive contact as required for a battery claim. *See Govan v. Hull*, 165 So. 3d 909, 910 (Fla. 4th DCA 2015). The pleading fails to give Doyle fair notice of the conduct alleged against him.

### 3. Count XXXIII – Intentional Infliction of Emotional Distress

Aside from being an impermissible shotgun pleading, Count XXXIII for intentional infliction of emotional distress (IIED) fails for two independent reasons.

#### a. Count XXXIII Is Time-Barred

Plaintiff alleges she was born on June 20, 2000. *See* SAC ¶ 1. She further alleges that the incident involving Defendant Doyle occurred on or about March 22, 2017—when she was sixteen years old. *See* SAC ¶ 283. Under Florida law, the statute of limitations for intentional infliction of emotional distress is four years. *See* Fla. Stat. § 95.11(3); *Boyd v. Becker*, 627 So. 2d 481, 483 (Fla. 1993). However, the limitations period is tolled during a plaintiff's minority. *See* Fla. Stat. § 95.051(1)(i). Accordingly, the limitations period for Plaintiff's IIED claim began to run on June 20, 2018, when she turned eighteen and obtained the age of majority. *See Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002). The four-year limitations period expired on June 20, 2022. Plaintiff did not file this action until July 17, 2024—more than two years after the limitations period had run. *See* Dkt. 1.

Plaintiff's vague references to delayed trauma and mental health diagnoses are insufficient to salvage a claim otherwise barred on its face. *See Hearn v. Int'l Bus. Machines*, No. 6:21-cv-1031-WWB-EJK, 2022 WL 17993194, at *3 (M.D. Fla. Dec. 29, 2022) (limitations period begins when alleged acts occurred, not when emotional injury is recognized). Count XXXIII is time-barred and should be dismissed with prejudice.

### b. Count XXXIII Fails to State a Claim

Even if the Court declines to dismiss Plaintiff's IIED claim as time-barred, the claim still fails as a matter of law because the allegations against Doyle do not state a legally sufficient cause of action. To state a claim for intentional infliction of emotional distress under Florida law, Plaintiff must allege: (1) intentional or reckless conduct; (2) that is outrageous, going beyond all bounds of decency; (3) causing emotional distress; and (4) that the distress is severe. *See LeGrande v. Emmanuel*, 889 So. 2d 991, 994 (Fla. 3d DCA 2004).

What constitutes "outrageous conduct" is a question of law for the Court. *Glegg v. Van Den Hurk*, 379 So. 3d 1171, 1174 (Fla. 4th DCA 2024). And "[o]nly in extremely rare circumstances will courts uphold claims for intentional infliction of emotional distress." *Gonzalez-Jimenez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1199 (M.D. Fla. 2002); *see also Time v. Publix Super Mkt., Inc.*, 2007 WL 9702200, at *2 (S.D. Fla. Jan. 29, 2007) ("A court must dismiss a complaint that does not show that the complained-of behavior is egregious enough to meet the high standard for an

IIED claim."). Conclusory allegations are insufficient. *See Woodburn v. State of Fla. Dep't of Children & Fam. Servs.*, 854 F. Supp. 2d 1184, 1218 (S.D. Fla. 2011).

Moreover, a plaintiff's "subjective response" to the conduct "does not control the question of whether the tort of intentional infliction of emotional distress occurred." *Liberty Mut. Ins. Co. v. Steadman*, 968 So2d 592, 595 (Fla. 2d DCA 2007). And it is not "enough that the defendant has acted with an intent which is tortious *or even criminal*, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Gallogly v. Rodriguez*, 970 So.2d 470, 471-72 (Fla. 2d DCA 2007) (quotation omitted) (emphasis added). In other words, the tort of intentional infliction of emotional distress is reserved for only the most extreme cases.

Here, Plaintiff alleges that Doyle was one of several individuals who allegedly paid her for sex and that amounts to participation in a trafficking scheme. *See* SAC ¶¶ 283–294. However, the allegations against Doyle are vague, conclusory, and indistinguishable from those asserted against other defendants. There are no specific facts showing that Doyle's conduct meets the "extremely high burden" to be "utterly intolerable in a civilized community." *Brown v. Geo Group, Inc.*, No. 18-80026, 2020 WL 13847462, at *15 (S.D. Fla. Oct. 20, 2020) (deliberate indifference to medical needs not sufficient for IIED); *Saadi v. Maroun*, No. 8:07-cv-1976-T-24-MAP, 2008 WL 4194824, at *5 (M.D. Fla. Sept. 9, 2008) (bullying and threats insufficient); *LeGrande*, 889 So. 2d at 994 (calling a minister a thief in front of his parishioners is

8

not legally outrageous); *Williams v. Worldwide Flight SVCS, Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004) (supervisor calling an African-American employee the n-word and monkey and threatening to fire employee without cause insufficient).

In short, "[t]he standard for 'outrageous conduct' is particularly high in Florida." *Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994). Because Plaintiff fails to allege any facts suggesting Doyle's conduct rose to the level of extreme and outrageous behavior required to sustain an IIED claim under Florida law, Count XXXIII should be dismissed with prejudice.

C. **Alternatively, Scandalous and Unsupported Allegations Should be Stricken**

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, Plaintiff alleges that nine of the individual defendants, including Doyle, transmitted STDs to her. SAC ¶¶ 190, 195, 204, 209, 218, 223, 232, 237, 246, 251, 260, 265, 274, 279, 288, 293, 302, 309. These inflammatory accusations are unsubstantiated, scandalous, and irrelevant to this action. A matter is scandalous "if it is both grossly disgraceful (or defamatory) and irrelevant to the action or defense." *Blake v. Batmasian*, 318 F.R.D. 698, 700 n.4 (S.D. Fla. 2017) (internal citations omitted). There is no indication that Plaintiff has any factual basis for asserting this against Doyle. Claiming that nine separate defendants transmitted STDs to Plaintiff is both defamatory and irrelevant to the action. If the Court does not dismiss the claims against Doyle outright, these scandalous and baseless allegations should be stricken under Rule 12(f).

9

## IV. CONCLUSION

Plaintiff's SAC is defective for multiple reasons. It is a shotgun pleading, fails to state a claim against Doyle, includes a time-barred tort claim, and contains scandalous allegations with no factual basis. Dismissal with prejudice is warranted.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he attempted to confer with Plaintiff's counsel on multiple occasions prior to filing this motion. On August 27, 2025, counsel sent a detailed email outlining the relief sought. After receiving no response, a follow-up email was sent on September 4. On September 5, counsel called Plaintiff's office and spoke with a receptionist, who stated that Mr. Walker would return the call that day. As of this filing, no response has been received.

Dated: September 8, 2025.

Respectfully submitted,

*/s/ Drew K. Patterson*
Drew K. Patterson
Florida Bar No. 1030836
ROBERT ECKARD & ASSOCIATES, P.A.
3110 Palm Harbor Blvd.
Palm Harbor, FL 34683
Telephone: (727) 772-1941
Email: drew@roberteckardlaw.com

*Counsel for Defendant, Matthew Doyle*

10

## CERTIFICATE OF SERVICE

I certify that on September 8, 2025, the foregoing was electronically filed using with the Clerk of Court by using the CM/ECF System, which will send a notice of electronic filing to all parties/attorneys on the list to receive notice in this case.

                                        */s/ Drew K. Patterson*
                                        Drew K. Patterson