UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE, I.H., an individual,

    Plaintiff,

v.       Case No. 8:24-cv-01678-SDM-NHA

SALESFORCE, ET AL.,

    Defendant.
_____/

**ORDER**

Plaintiff moves for entry of Clerk's default against Kristina Hughes. Doc. 235. Although Hughes is not named as a defendant, Plaintiff claims that Hughes is referenced in the Second Amended Complaint as defendant "John Doe, owner of the property located at 31199 Longwood Drive, Brooksville, Florida, at that time." Doc. 235. Plaintiff's motion for Clerk's default against Hughes is DENIED.

Hughes is not named as a defendant in this case. Plaintiff presents no basis on which she could have sued Hughes by pseudonym. And Plaintiff's allegations make clear that, in any event, "John Doe" could not possibly be Hughes.

I.  **Background**

   a.  <u>The Second Amended Complaint</u>

Alleging that she was trafficked and sexually abused as a child, and asserting claims under the Trafficking Victims Protection Reauthorization Act and Florida law, Plaintiff sues twenty-one defendants, including one she identifies in the case caption as "JOHN DOE, the person, or entity, that owned the property located at 31199 Longwood Drive, Brooksville, Florida." Sec. Am. Compl., Doc. 112, p. 1. Plaintiff does not further identify John Doe in the "Parties" section of the Second Amended Complaint (the operative complaint here). *See* Doc. 112, pp. 2-13. She does not include John Doe in the list comprising the "Individual Defendants." *Id.* ¶ 20. But she does assert a claim (Count Nine) against John Doe. *Id.*, pp. 64-66.

Unlike John Doe, Plaintiff mentions Hughes by name, rather than pseudonym, repeatedly throughout the Second Amended Complaint, beginning with the allegation that "Plaintiff was trafficked by her mother, Kristina Hughes." Doc. 112 ¶ 30.

In Count Nine, the Count asserted against John Doe, Plaintiff alleges that "Kristina Hughes" was "Plaintiff's trafficker" who "rented, leased, or otherwise occupied a residence located at 31199 Longwood Drive." Doc. 112 ¶ 173. In contrast, Count Nine asserts that "John Doe was the owner of the property" (*id.* ¶ 175), and "benefitted financially from the ongoing sex

2

trafficking . . . by virtue of rent or other consideration paid by Plaintiff's mother and sex-trafficker." *Id.* ¶ 177. That is, Count Nine alleges that Hughes paid John Doe consideration for the right to lease, rent, or otherwise occupy his property, 31199 Longwood Drive. Doc. 112 ¶ 177.

      b.    <u>Service</u>

On July 2, 2025, noting that Plaintiff had failed to serve several of the defendants, including John Doe, within the time allowed by the Federal Rules of Civil Procedure, the District Court ordered Plaintiff to move for an extension of time to serve those defendants. Doc. 166. In response, Plaintiff moved for an extension and submitted proposed summonses, including a proposed summons for "John Doe, the person or entity that owned the property located at 31199 Longwood Drive, Brooksville, Florida." Docs. 170, 170-8. The summons did not further describe John Doe. *Id.* The Court granted that motion and directed the Plaintiff to serve every defendant on or before August 22, 2025. Doc. 176. The Clerk then issued Plaintiff's proposed summonses. Doc. 177.

On August 25, Plaintiff filed an "Affidavit of Service of John Doe," purporting to show that John Doe was served on August 21. Doc. 207. The affidavit attached a copy of the summons for John Doe (*id.*, p. 2), but the affidavit itself identified the person to be served as "Kristina Hughes (John Doe, the person or entity that owned the property located at 31199 Longwood Drive, Brooksville, Florida)." *Id.*, p. 1. The process server stated that he had

served "Tonya Wilson, Home: 1386 Northwest Turner Avenue, Lake City, FL 32055." *Id.* The process server asserted that this constituted "Substitute Service – Abode" and that Tonya Wilson was Hughes' mother-in-law and co-resident. *Id.* Hughes did not file an answer or otherwise appear to defend this action.[1]

      c.    Motion for Default

On September 21, 2025, Plaintiff filed the instant motion, seeking entry of Clerk's default against "Defendant Kristina Hughes (John Doe, owner of the property located at 31199 Longwood Drive, Brooksville, Florida, at that time)," claiming that Hughes had been properly served by substitute service on August 21, and had failed to respond or appear within the time allotted by FED. R. CIV. P. 12(a). Doc. 235.

## II.    Legal Authority

Rule 10(a) of the Federal Rules of Civil Procedure states that a complaint "must name all the parties." The Eleventh Circuit has noted that Rule 10(a) "serves more than administrative convenience," it also "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Thus, "[a]s a

---

[1] The Court notes that, apparently, Hughes emailed Plaintiff's counsel that she had "received some paperwork on a civil lawsuit and was wondering what this was." Doc. 112-1. Plaintiff's counsel suggested she retain counsel. *Id.*

general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

However, suing unnamed defendants may be permitted "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009); *see also Bowens v. Superintendent of Miami S. Beach Police Dep't*, 557 F. App'x 857, 862 (11th Cir. 2014) ("Particularly when a plaintiff proceeds *pro se* and is encumbered by incarceration, we have explained that a claim may be maintained against unnamed defendants where allegations in the complaint make clear the plaintiff could uncover the names through discovery.").

The Eleventh Circuit allows this "limited exception to [Rule 10(a)] when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Richardson*, 598 F.3d at 738 (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir.1992)). However, the "law is clear that the unnamed defendant must be clearly described so as to be subject to service of process even without a name." *Castle v. Cobb Cnty., Georgia*, No. 22-12156, 2023 WL 3772501, at *1 (11th Cir. June 2, 2023) ; *see also Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) ("[O]ur precedent has always required an unambiguous description of a defendant that enables service of process."); *Moulds v. Bullard* 345 F. App'x 387, 390 (11th Cir. 2009) (upholding a district

5

court's dismissal of claims against unnamed defendants where the plaintiff failed to timely discover the defendants' identities in order to serve process on them); *cf. Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995) ("[I]n general, plaintiffs have a duty to make plain who they are suing and to do so well before trial.").

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment*." In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

### III. Analysis

Plaintiff has not named Hughes as a defendant and cannot now substitute her for "John Doe." Hughes is not a party to this lawsuit, and Plaintiff's motion for Clerk's default against her must be denied.

A plaintiff "is not entitled to judgment against a non-party." *Fuqua v. Brennan*, 645 F. App'x 519, 523 (7th Cir. 2016); *see also* FED. R. CIV. P. 55(A) ("When *a party* against whom a judgment for affirmative relief is sought has

6

failed to plead or otherwise defend . . . the clerk must enter *the party's* default.") (emphasis added).

Kristina Hughes is not, and has never been, a party to this action. To the extent Plaintiff now asserts that Hughes was sued under the fictitious name "John Doe," the Court must reject the assertion.

First, Plaintiff has not invoked any lawful purpose for failing to name Hughes as a Defendant, rather than suing her under a pseudonym (if that was truly her intent). As described above, Plaintiff's complaint makes clear that she knew Hughes' (her mother's) identity when she filed the complaint and did not need discovery to reveal it. *See Tracfone*, 642 F. Supp. 2d. at 1361; *Bowens*, 557 Fed. App'x at 862. Nowhere in the complaint nor in the present motion does Plaintiff provide any basis to conclude that she would have been justified in using a fictitious name for Hughes.

Second, the description of John Doe does not describe Hughes so clearly that use of her name would be surplusage. *See Richardson*, 598 F.3d at 738. To the contrary, the description of John Doe makes clear he cannot be Hughes. John Doe is described as "the person, or entity, that owned the property located at 31199 Longwood Drive, Brooksville, Florida." Doc. 112, p. 1. In contrast, Plaintiff alleges that Hughes "rented, leased, or otherwise occupied" the home, and that Hughes paid consideration to John Doe, the owner, for the right to do so. *Id.* ¶ 173, 177. In other words, Plaintiff's allegations make plain that John

7

Doe was not Hughes, but her landlord. Rather than put Hughes (or anyone else) on notice that Hughes is the defendant "John Doe," a reading of the Second Amended Complaint makes clear she is not.

Third, Plaintiff's present attempt to substitute Hughes for "John Doe" raises concern. Plaintiff did not name Hughes as a defendant in the initial complaint, the first amended complaint, or the second amended complaint. The deadline for further amending the complaint and for adding parties has expired. *See* Case Management Report, Doc. 96, *adopted by* Case Management Order, Doc. 97. And, Plaintiff cannot add a new party to the action through a motion for Clerks' default. *See Vielma*, 808 Fed. Appx. at 881 ("This sue-first-and-sort-out-the-defendant-later approach is not how litigation works in federal court."). The Court hopes that the present filing is not "a back-door attempt" to recover from an unnamed party. *See Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941 (11th Cir. 2022).

In *Gulisano*, a plaintiff who fell in a retail store sued "Burlington, Inc." *Gulisano*, 34 F.4th at 939-940. After obtaining a default judgment, the plaintiff served writs of garnishment on Burlington *Stores*, Inc., which contacted the attorney to protest, because it was not the company named in the lawsuit. *Id.* The plaintiff then moved to amend the default judgment "to remove any ambiguity of the correct defendant's identity," to add Burlington Stores, Inc. to the judgment. *Id.* at 940. The plaintiff argued that "Burlington, Inc." was a

8

fictitious name that was similar enough to Burlington Stores, Inc.; that the companies associated with Burlington Stores, Inc. all went by multiple names that included "Burlington"; and that the plaintiff had served the registered agent of Burlington Stores, Inc., such that Burlington Stores, Inc. should have understood that it was the defendant in the lawsuit. *Id.* Burlington Stores, Inc. opposed the motion to amend, noting that it did not use the name Burlington, Inc., and that Burlington, Inc. was an unrelated entity. *Id.* The district court denied the motion to amend, noting that the plaintiff had presented no evidence that (1) Burlington Stores, Inc. had ever used the fictitious name Burlington, Inc.; (2) Plaintiff had never attempted to amend the pleadings to clarify the that Burlington Stores, Inc. was the intended defendant; and (3) the plaintiff failed to explain why the writs of garnishment named the targeted entities by their true names, and not by "Burlington, Inc." *Id.* at 940-941. The Court concluded that the motion to amend was "a back-door attempt to correct an improperly named party and recover . . . from the intended, but unnamed, entities without having to litigate the matter any further." *Id.* at 941. The district court then sanctioned the attorney who filed the motion, finding it to have been "frivolous and dishonest." *Id.* The Eleventh Circuit affirmed. *Id.* at 945.

*Gulisano* is instructive here. First, Plaintiff in this case presents no evidence to suggest that Hughes is "the person, or entity, that owned the

9

property located at 31199 Longwood Drive, Brooksville, Florida." In fact, Plaintiff's pleadings demonstrate that Hughes is not that person. Second, Plaintiff has made no attempt, in her multiple amendments to her complaint, to add Hughes as a defendant. Third, Plaintiff presents no explanation for why she could name Hughes in the return of service and elsewhere, but not in the case caption. As in *Gulisano*, the present motion to substitute Hughes for the named defendant must be denied.

### IV. Conclusion

For the reasons above, Plaintiff's motion for default against Kristina Hughes, is DENIED.

DONE and ORDERED on October 8, 2025.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE