# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JANE DOE, I.H., an individual, <br><br> Plaintiff, <br><br> vs. <br><br> SALESFORCE, INC., et al., <br><br> Defendants. | Case No.: 8:24-CV-01678-SDM-NHA |

### UNOPPOSED MOTION BY DEFENDANT SALESFORCE, INC. FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant Salesforce, Inc. moves this Court, under Local Rule 3.01(d), for leave to file a reply of no more than seven pages in support of its motion to dismiss Plaintiff's Second Amended Complaint. Dkt. 236. Salesforce would file its reply within seven days from the date this motion is granted.

On March 14, 2025, Plaintiff filed her second amended complaint, asserting claims against Salesforce under 18 U.S.C. § 1595. On September 22, 2025, Salesforce moved to dismiss that complaint, arguing that this Court lacks personal jurisdiction over Salesforce, that Plaintiff's claims are barred by section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), and that the complaint fails to state a viable section 1595 claim. Dkt. 236.

1

On November 1, 2025, Plaintiff filed her response to Salesforce's motion to dismiss. Given the multiple separate grounds for dismissal raised by the motion, Salesforce believes the Court would benefit from a reply to Plaintiff's arguments to ensure that the issues are fully presented for this Court's review. Accordingly, Salesforce respectfully requests leave to file a reply of no more than seven pages to address Plaintiff's response to Salesforce's motion to dismiss.

A reply is necessary to respond to Plaintiff's arguments on each issue, including to explain (1) why this Court has no personal jurisdiction over Salesforce; (2) why Section 230 bars Plaintiff's claim against Salesforce; and (3) why the complaint fails to establish the elements of a section 1595 claim against Salesforce. A reply is also needed to explain why the court should dismiss with prejudice rather than granting Plaintiff leave to amend her complaint.

## Local Rule 3.01(g) Certification

Undersigned counsel confirms, pursuant to Local Rule 3.01(g), that it conferred with Plaintiff's counsel via email on November 3, 2025. Plaintiff's counsel indicated that Plaintiff does not oppose Salesforce's request for leave to file a reply.

DATED: November 3, 2025

Respectfully submitted,

Bradley J. Hamburger (*pro hac vice*)
Summer A. Wall (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7658
BHamburger@gibsondunn.com

Gregg Costa (*pro hac vice)*
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002-6117
Telephone: (346) 718-6604
GCosta@gibsondunn.com

Andrew P. LeGrand (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
ALegrand@gibsondunn.com

/s/   *Jennifer G. Altman*
Jennifer G. Altman (Bar No. 881384)
Shani Rivaux Bar (Bar No. 42095)
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL  33131
Telephone: (786) 913-4831
Jennifer.altman@pillsburylaw.com
Shani.rivaux@pillsburylaw.com

Kristin A. Linsley (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, 2600
San Francisco, CA 94111
Telephone: 415.393.8395
KLinsley@gibsondunn.com

***Attorneys for Defendant Salesforce, Inc.***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion has been served on counsel of record pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/   *Jennifer G. Altman*
Jennifer G. Altman