## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| JANE DOE, I.H., an individual, <br><br> Plaintiff, <br><br> v. <br><br> SALESFORCE, INC., et al. <br><br> Defendants. | Case No. 8:24-CV-01678-SDM-NHA |

### UNOPPOSED MOTION BY DEFENDANT SALESFORCE, INC. FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PURSUANT TO 18 U.S.C. §§ 1595(b), 3509(k)

Defendant Salesforce, Inc. moves this Court, under Local Rule 3.01(d), for leave to file a reply of no more than five pages in support of its motion to stay proceedings pursuant to 18 U.S.C. §§ 1595(b), 3509(k). Dkt. 261. Salesforce would file its reply within seven days from the date this motion is granted.

On October 31, 2025, Salesforce filed a motion to stay proceedings pursuant to 18 U.S.C. §§ 1595(b), 3509(k). Dkt. 261. On November 5, 2025, Plaintiff filed an opposition to that motion. Dkt. 268. Salesforce seeks leave to file a brief reply to address inaccuracies in Plaintiff's characterization of the mandatory-stay standards under sections 1595(b) and 3509(k), as well as her mischaracterization of (and failure to provide full citations for) several cases applying those provisions. For example, *Doe 1-10 v. Fitzgerald*, 102 F.4th 1089 (9th Cir. 2024), *Bradberry v.*

1

*Abercrombie & Fitch Co.*, 2024 WL 4604508 (S.D.N.Y. Oct. 29, 2024), and *Nesbitt v. Bemer*, 2018 WL 5619716 (D. Conn. Oct. 30, 2018), all imposed mandatory § 1595(b) stays, and none required that the civil plaintiff be named in the criminal case. And in *Does 1-9 v. Murphy*, 2023 WL 2423113, at *3 (D.S.C. Mar. 9, 2023), the stay was denied only because, unlike here, there was no evidence of an ongoing related criminal action. The opposition also fails to address the fact that two other courts have granted motions to stay nearly identical claims against Salesforce.

Salesforce believes that a concise reply limited to these issues will be of assistance to the Court.

## Local Rule 3.01(g) Certification

Undersigned counsel confirm, pursuant to Local Rule 3.01(g), that counsel for Salesforce conferred with Plaintiff's counsel via email on November 5, 2025. Plaintiff's counsel indicated that Plaintiff does not oppose Salesforce's request for leave to file a reply.

DATED: November 6, 2025

Respectfully submitted,

/s/ *Jennifer G. Altman*

Bradley J. Hamburger (*pro hac vice*)
Summer A. Wall (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7658
BHamburger@gibsondunn.com

Jennifer G. Altman (Bar No. 881384)
Shani Rivaux Bar (Bar No. 42095)
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131
Telephone: (786) 913-4831
Jennifer.altman@pillsburylaw.com
Shani.rivaux@pillsburylaw.com

| | |
|---|---|
| Gregg Costa (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>811 Main Street, Suite 3000<br>Houston, TX 77002-6117<br>Telephone:  (346) 718-6604<br>GCosta@gibsondunn.com | Kristin A. Linsley (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, 2600<br>San Francisco, CA 94111<br>Telephone:  415.393.8395<br>KLinsley@gibsondunn.com |
| Andrew P. LeGrand (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>Telephone:  (214) 698-3100<br>ALegrand@gibsondunn.com | ***Attorneys for Defendant Salesforce, Inc***. |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion has been served on counsel of record pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ *Jennifer G. Altman*
Jennifer G. Altman
